STATE OF NEBRASKA, APPELLEE, V.
LEN ROBERT BOLTON, APPELLANT.

316 N.W.2d 619

Filed February 26, 1982.   No. 44222.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

The defendant-appellant, Len Robert Bolton, appeals from his conviction of one count of assault in the first degree and one count of assault in the second degree. We affirm.

The criminal charges brought against the defendant originate from an unprovoked assault he committed on James Minard and injury inflicted on Police Officer Irl Carmean on September 9, 1979. Minard stated that he was walking in the vicinity of 16th and Wirt Streets in Omaha, when he "brushed" into the defendant who was walking in the other direction. Minard felt a sharp pain in his chest and found that he had been stabbed in the region below his collarbone. Only after the assault did Minard see the knife that defendant was carrying, and he sought aid at a nearby residence.

Omaha police officers responded to the assault call and found the defendant still in the vicinity. They observed that he was carrying a boning knife. Bolton refused to put down the knife and he resisted the efforts of the police to disarm him. He was verbally abusive and invited the police to kill him. During this time, Officer Irl Carmean was seriously injured by defendant with a facial cut which extended from near his left ear down through his mouth. Bolton escaped into a nearby house where he was ultimately subdued and arrested.

An information charging the defendant with the assaults upon Minard and Carmean was filed on October 12, 1979. A poverty affidavit was filed by the

defendant on October 25, 1979, and the Douglas County public defender's office was appointed to represent him. The defendant was arraigned and pled not guilty to the charges.

The record indicates that Bolton did not cooperate with his appointed counsel in seeking a psychiatric evaluation, and on February 15, 1980, defense counsel had the District Court issue a capias for defendant's arrest. On February 27, 1980, the defendant's family independently, and without notice to the court, filed a petition with the Douglas County Board of Mental Health seeking to have Bolton committed as a mentally ill dangerous person. On February 27, 1980, the defendant was picked up upon the mental health board order. No action was ever taken on the court's capias. On March 14, 1980, Bolton was adjudged to be a mentally ill dangerous person by the Douglas County Board of Mental Health and was committed to the Douglas County Hospital for treatment. Bolton was diagnosed to suffer from an antisocial personality disorder, possibly paranoid schizophrenia, and was transferred to the Lincoln Regional Center on March 24, 1980.

On December 18, 1980, in response to an inquiry by the Douglas County attorney's office, the superintendent of the Lincoln Regional Center sent a report to the District Court informing the court of the defendant's mental status, which included a number of staff notes. The note dated April 29, 1980, included an evaluation by Dr. Willis, a psychologist, that Bolton was then competent to stand trial. Thereafter, the court ordered Bolton returned to Omaha and, on December 30, 1980, a hearing was held at which time the defendant made a motion for discharge on the ground he was not given a timely trial as required by Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 1979). The court denied the motion and appointed two psychiatrists to examine the defendant. On February 4, 1981, the reports of the psychiatrists were stipulated

into evidence and the court found the defendant competent to stand trial.

Following a bench trial on February 25, 1981, Bolton was convicted of one count of assault in the first degree and of one count of assault in the second degree. On April 1, 1981, the trial court sentenced defendant to a term of 7 to 15 years on the first degree assault charge and to a term of 5 years on the second degree assault charge, said terms to be served concurrently.

Defendant alleges that the trial court erred in denying his motion for discharge on the ground he was not timely tried, and erred in finding that the defendant was legally sane at the time of the assaults in question.

We have held that § 29-1207 requires that every person charged with a criminal offense be brought to trial within 6 months after the filing of the information. *State v. Stewart,* 195 Neb. 90, 236 N.W.2d 834 (1975). That statute provides in pertinent part:

"(1) Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section.

"(2) Such six-month period shall commence to run from the date the indictment is returned or the information filed. . . .

. . . .

"(4) The following periods shall be excluded in computing the time for trial:

"(a) The period of *delay resulting from other proceedings concerning the defendant,* including but not limited to an examination and hearing on competency and the period during which he is incompetent to stand trial . . . ." (Emphasis supplied.)

We have also held the primary burden is upon the State to bring the accused person to trial within the time provided by law, and if he is not brought to trial within that time, he is entitled to an absolute discharge from the offense alleged in the absence of an express waiver or waiver as provided by statute. *State v.*

*Kinstler*, 207 Neb. 386, 299 N.W.2d 182 (1980). The State also has the burden of proving that one or more of the excluded periods of time under subsection (4) of § 29-1207 is applicable if the defendant is not tried within 6 months of the commencement of the criminal action. *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978).

Defendant concedes that the time period beginning with his commitment on March 14, 1980, is excludable under § 29-1207(4)(a), but he alleges that he was competent to stand trial as of April 29, 1980, and that the time period after that date is not tolled by the statute. The basis for defendant's claim in this regard is the internal staff note of the Regional Center dated April 30, 1980, in which a psychologist indicates that Bolton was not currently psychotic and was competent to stand trial.

We note, however, that other medical and psychiatric reports admitted into evidence tend to refute that psychologist's characterization of Bolton and outline a long-term program for his treatment. Defendant was admitted to the Regional Center as a mentally ill dangerous person and was diagnosed as a possible paranoid schizophrenic. The reports indicate that the defendant also suffered from acute drug- and alcohol-induced organic brain syndrome and drug dependence. A staff note by the defendant's psychiatrist dated April 3, 1980, outlined a long-term treatment plan to "control his dominant psychopathology of delusions and hallucinations." Subsequent reports reveal that the defendant responded to treatment and was benefited by his continued participation in the program. Of particular note is a memorandum dated June 30, 1980, addressed to the Douglas County Board of Mental Health from the coordinator of aftercare, Mary A. Jimerson. In the report she states: "I conferred today, 6/30/80, with Dr. Coates [defendant's psychiatrist] and he related that the patient was staffed this morning, and at the present time patient's condition has not

improved to the extent that he is ready for discharge. He further stated that there is no particular reason to move fast at this time, and that plans are to move the patient through the program." The intent of the Regional Center staff to maintain the defendant in the psychiatric program is reaffirmed in subsequent reports dated July 18, 1980, and September 22, 1980.

The evidence clearly reveals that during the period between his arrest on February 27, 1980, and the finding of the court that he was competent to stand trial on February 4, 1981, Bolton was engaged in treatment programs for his psychiatric condition. This period of delay, which is attributable to psychiatric evaluations and treatment, is properly excludable as an "other proceeding" under the provisions of § 29-1207(4)(a).

Moreover, it was the duty of the trial court to make the determination as to the competency of the accused to stand trial. Neb. Rev. Stat. § 29-1823 (Reissue 1979) provides in pertinent part: "If at *any time prior to trial* it appears that the accused has become mentally incompetent to stand trial, such disability may be called to the attention of the district court by the county attorney, by the accused, or any person for the accused. *The judge of the district court of the county wherein the accused is to be tried shall have the authority to determine whether or not the accused is competent to stand trial.* The district judge may also cause such medical, psychiatric or psychological examination of the accused to be made as he deems warranted and hold such hearings as he deems necessary." (Emphasis supplied.)

The opinion of one psychologist that the accused was competent to stand trial as of April 29, 1980, an opinion which appears not to have been shared by defendant's treating psychiatrists, was not a binding determination of competency upon the District Court.

The test of mental competency to stand trial is whether the defendant has capacity to understand the nature and object of the proceedings against him; to comprehend his own condition in reference to such

proceedings; and to make a rational defense. *State v. Guatney*, 207 Neb. 501, 299 N.W.2d 538 (1980).

If facts are brought to the attention of the court which raise a doubt as to the sanity of the defendant, the question of competency should be determined at that time. The question of competency to stand trial is one of fact to be determined by the court and the means employed in resolving the question are discretionary with the court. *State v. Crenshaw*, 189 Neb. 780, 205 N.W.2d 517 (1973).

We must also reject defendant's contention that the evidence was not sufficient to support the trial court finding that Bolton was sane at the time he committed the assaults. The evidence reveals that three psychiatrists examined Bolton and only one concluded that he was not legally responsible at the time of the stabbing. The other two psychiatrists who testified at trial found the defendant to be sane at the time of the assaults and acting out of anger and not out of some drug-induced condition. We note that in determining the sufficiency of evidence necessary to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on credibility of the witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Stickelman*, 207 Neb. 429, 299 N.W.2d 520 (1980); *State v. Klatt*, 187 Neb. 274, 188 N.W.2d 821 (1971).

The evidence as to the defendant's sanity at the time of the assaults and as to his competency to stand trial was properly before the court as the trier of fact; the conflict in the evidence was resolved against the defendant and the record supports the finding of sanity.

AFFIRMED.