STATE OF NEBRASKA, APPELLEE,
v. BRETT A. WEAD, APPELLANT.
609 N.W. 2d 64

Filed April 18, 2000.   No. A-99-782.

Gregory M. Schatz for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HANNON, INBODY, and CARLSON, Judges.

INBODY, Judge.

## INTRODUCTION ·

Brett A. Wead appeals his conviction for first degree assault following his no contest plea. Wead's sole assigned error on appeal is that the trial court erred in accepting his no contest

plea without determining his competency to stand trial, after a motion to determine competency had been made by defense counsel, but later withdrawn.

## STATEMENT OF FACTS

After Wead was charged with first degree assault, Wead pled not guilty, and defense counsel filed a motion for a determination of Wead's competency to stand trial. The trial court ordered Wead to be evaluated by Dr. Bruce Gutnik. After Wead had been examined by Dr. Gutnik and Dr. Gutnik had determined that Wead was competent to stand trial, Wead, through his counsel, moved to withdraw his mental competency determination motion and his not guilty plea. Wead indicated his intent to plead no contest to the charged offense.

The following colloquy was held between the court and defense counsel: "THE COURT: . . . Did the defendant see Dr. Gutnik? [Defense Counsel]: Yes, Your Honor. THE COURT: And, apparently, I gather, was found to be competent; is that right? [Defense Counsel]: Correct, Your Honor." The trial court allowed Wead to withdraw his motion to determine competency.

The court asked Wead his current age, his educational background, whether he could read and write, and whether he understood the English language. Wead answered affirmatively. The court then explained Wead's rights to him and that he was waiving those rights. Wead responded that he understood. The court found, beyond a reasonable doubt, that Wead understood the nature of the charge against him to which he pled no contest and the possible sentence thereunder; that the no contest plea was made freely, voluntarily, knowingly, intelligently, and understandingly; that the plea is accurate; and that there was a basis in fact for Wead's plea.

The court further found beyond a reasonable doubt that Wead fully understood his rights and freely, voluntarily, knowingly, intelligently, and understandingly waived those rights, and that he understood the consequences of waiving his rights and the consequences of pleading no contest. The court then accepted Wead's no contest plea and found him guilty of the charged offense beyond a reasonable doubt.

A presentence investigation was conducted, and a report was issued. Included in the presentence report was Dr. Gutnik's evaluation of Wead. Dr. Gutnik diagnosed Wead with schizoaffective disorder, dissociative amnesia, alcohol abuse, cannabis abuse, and personality disorder "NOS" with schizotypal and antisocial traits. Further, Dr. Gutnik indicated that Wead may have an intermittent explosive disorder. However, Dr. Gutnik stated that based on the information available to him, in his opinion based upon a reasonable degree of medical certainty, Wead was competent to stand trial and was sane at the time of the alleged crime. Wead was thereafter sentenced to 19 to 20 years' imprisonment with credit for 216 days served. Wead has timely appealed to this court.

## ASSIGNMENT OF ERROR

Wead contends that the trial court erred in accepting his no contest plea without determining his competency to stand trial.

## STANDARD OF REVIEW

■ The question of competency to stand trial is one of fact to be determined by the trial court and the means employed in resolving the question are discretionary with the court. *State v. Jones*, 258 Neb. 695, 605 N.W.2d 434 (2000); *State v. Bolton*, 210 Neb. 694, 316 N.W.2d 619 (1982). If there is sufficient evidence in the record to support the finding of competency, it will not be disturbed on appeal. *State v. Johnson*, 4 Neb. App. 776, 551 N.W.2d 742 (1996).

## ANALYSIS

The question presented to this court is whether a trial court, after a defendant's motion to determine competency has been withdrawn, still has the obligation to make a competency determination pursuant to this court's dictates in *State v. Johnson, supra*. However, before we may address this assigned error, we must first determine whether Wead's no contest plea waived this alleged error.

■ The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Dreimanis*, 258 Neb. 239, 603 N.W.2d 17 (1999). The only exceptions are for

the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction. *State v. Start*, 239 Neb. 571, 477 N.W.2d 20 (1991); *State v. Maeder*, 229 Neb. 568, 428 N.W.2d 180 (1988).

However, in *State v. Johnson, supra,* this court allowed a defendant to raise competency issues in a postconviction proceeding even though the defendant had pled guilty and had not raised the competency issue on direct appeal. This court stated:

> [W]e do not believe the law is that there is a procedural bar in postconviction proceedings of issues relating to competency to stand trial, and we decline to impose such a procedural bar for these issues in this postconviction proceeding. In reaching this conclusion, we bear in mind the sanctity of constitutional protections and the need to guard against constitutionally infirm convictions.

4 Neb. App. at 801, 551 N.W.2d at 758. It follows that if a defendant is not precluded from raising the issue of competency to stand trial on postconviction, then the defendant likewise is not precluded from raising the issue of competency to stand trial on direct appeal. Since the test of mental capacity to plead is the same as that required to stand trial, *id.*, this standard also applies to issues regarding a defendant's capacity to plead to an offense. Thus, a defendant's plea of guilty or no contest does not preclude the defendant from raising on direct appeal the issue of competency to plead or stand trial, and we find that Wead's no contest plea does not procedurally bar our consideration of the issue of Wead's competency.

The statute providing for a determination by a judge of the mental incompetency of the accused before trial is Neb. Rev. Stat. § 29-1823 (Cum. Supp. 1998), which provides in part:

> (1) If at any time prior to trial it appears that the accused has become mentally incompetent to stand trial, such disability may be called to the attention of the district court by the county attorney, by the accused, or by any person for the accused. The judge of the district court of the county where the accused is to be tried shall have the authority to determine whether or not the accused is competent to stand trial. The district judge may also cause such medical, psychiatric, or psychological examination of the accused to be

made as he or she deems warranted and hold such hearing as he or she deems necessary.

If facts are brought to the attention of the court which raise doubts as to the sanity of the defendant, the question of competency should be determined at that time. *State v. Bolton*, 210 Neb. 694, 316 N.W.2d 619 (1982); *State v. Johnson*, 4 Neb. App. 776, 551 N.W.2d 742 (1996).

■ Although § 29-1823(1) does not require a judge to hold a competency hearing, if a reasonable doubt is raised in the mind of the trial judge regarding the defendant's competency, a hearing to determine competency should be held. *State v. Cortez*, 191 Neb. 800, 218 N.W.2d 217 (1974); *State v. Johnson, supra.* Further, *Johnson* requires that if a competency hearing is held, the hearing must comport with fundamental procedural due process.

The leading case in Nebraska regarding a court's duty to determine competency is *State v. Johnson*, 4 Neb. App. 776, 551 N.W.2d 742 (1996). Johnson appealed from a denial of postconviction relief following an evidentiary hearing. Johnson alleged his trial counsel was ineffective because he did not raise the issue of competency or insanity with the court. As part of a plea bargain, Johnson pled guilty to one count of incest. During the plea hearing, Johnson's attorney put into evidence a copy of a psychiatrist's report, which said that Johnson was incompetent to stand trial. However, Johnson's attorney did not file a motion for or otherwise request a hearing on competency, and the district court did not hold a separate hearing sua sponte.

This court held that once defense counsel made the trial court aware of the question of Johnson's competency, the power of the trial court under § 29-1823 to examine competency was triggered. Thus, this court determined that although the trial judge made specific findings that Johnson possessed the attributes of competency, that he understood his rights, and that the plea was made " 'freely, voluntarily, knowingly and intelligently,' " the appellate court was required to address the adequacy of the trial court's inquiry into Johnson's competency. *State v. Johnson*, 4 Neb. App. at 786, 551 N.W.2d at 750.

In this court's review of the proceedings during Johnson's plea, we found that the trial judge considered the issue of

Johnson's competency and that the district court apparently intended the admission of the psychiatrist's report, the questioning of Johnson and his counsel, and the court's observations of Johnson to constitute the competency hearing. This court then went on to find that the trial judge's inquiry into Johnson's competency was inadequate as it did not comport with fundamental procedural due process, as the issue of competency was raised by defense counsel and heard that same day by the trial court, but with no advance notice to Johnson that such an issue would be heard, and that given the contents of the psychiatrist's report stating that Johnson was not competent to stand trial, the trial court's determination of competency must have been principally based upon the court's colloquy with Johnson.

In the instant case, although the district court did not make an explicit determination that Wead was competent, the court did find beyond a reasonable doubt that Wead understood the nature of the charge against him to which he pled no contest and the possible sentence thereunder; that the no contest plea was made freely, voluntarily, knowingly, intelligently, and understandingly; that Wead fully understood his rights and freely, voluntarily, knowingly, intelligently, and understandingly waived those rights; and that he understood the consequences of waiving his rights and the consequences of pleading no contest. We find this to be an implicit determination that Wead was competent to enter his no contest plea.

Additionally, in the instant case, the district court did not hold a competency hearing; therefore, we are not presented with the procedural due process issues that were present in *State v. Johnson*, 4 Neb. App. 776, 551 N.W.2d 742 (1996). Further, unlike *Johnson*, in the instant case, the psychiatrist's report concluded that Wead was competent to stand trial, and thus, the district court's determination of competency paralleled the conclusion reached by the psychiatrist.

In sum, we find that the district court implicitly found that Wead was competent and that there is sufficient evidence in the record to support the finding of competency. Therefore, Wead's conviction and sentence are affirmed.

AFFIRMED.