STATE OF NEBRASKA, APPELLEE, V.
WILLIAM J. LASSEK, JR., APPELLANT.
723 N.W.2d 320

Filed November 3, 2006.    No. S-05-1024.

Gregory A. Pivovar for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

William J. Lassek, Jr., was originally charged by a two-count information with the crimes of first degree murder and use of a firearm to commit a felony. He later entered pleas of no contest to an amended information charging him with second degree murder and use of a firearm to commit a felony. Lassek's primary claim on appeal is that he was not competent to enter his pleas.

## SCOPE OF REVIEW

The question of competency to stand trial is one of fact to be determined by the court, and the means employed in resolving the question are discretionary with the court. *State v. Jones*, 258 Neb. 695, 605 N.W.2d 434 (2000). If there is sufficient evidence in the record to support factual findings relating to competency, such factual findings will not be disturbed on appeal. *Id.*

## FACTS

The factual basis for Lassek's pleas established that on the afternoon of October 7, 2002, Lassek shot and killed Jim Garnett in Omaha, Nebraska. Lassek confessed to the police that he had gone to Garnett's residence with the intent to rob Garnett of money, drugs, or both. Lassek told the police that although he went to Garnett's residence with other people, he was the one who entered the house and fired shots. Garnett died from multiple gunshot wounds to the chest.

Lassek was charged by information on April 10, 2003, with first degree murder and use of a firearm to commit a felony in the murder and robbery of Garnett. At a hearing on June 12, Lassek agreed to waive his right to a speedy trial and indicated that he planned to file a motion for a psychological examination to determine his competency to stand trial.

Lassek was examined by Dr. Louis C. Martin, a psychiatrist at the Lincoln Regional Center (LRC). Martin's evaluation of Lassek's competency was received into evidence at a hearing on November 20, 2003. Based on Martin's report that Lassek was not competent, the Douglas County District Court found that Lassek was not competent to stand trial. Counsel requested that Lassek be transferred to the LRC for treatment as recommended in the report and that the court set a date for review. The State had no objection.

At the hearing to review Lassek's competency, the court received into evidence a report from Martin dated March 19, 2004. Martin opined that Lassek had attained at least the minimal standard for competency to stand trial in Nebraska. In response, Lassek's counsel asked for an independent evaluation. With the agreement of the State, the court appointed Dr. Terry A. Davis to evaluate Lassek's competency to stand trial.

In a report dated September 28, 2004, Davis opined that Lassek was malingering and was competent to stand trial. The court then entered an order finding Lassek competent to stand trial. An amended information was filed on December 14, charging Lassek with second degree murder and use of a firearm to commit a felony.

At a hearing on May 16, 2005, Lassek was given leave to withdraw his previous pleas of not guilty. Through his attorney,

Lassek stated that he wanted to plead no contest. The court examined Lassek concerning his understanding of his rights with regard to the entry of a plea of no contest. The court found beyond a reasonable doubt that Lassek understood the nature of the charges against him; that he understood the possible sentences; that his pleas were made freely, intelligently, voluntarily, and understandingly; that there was a factual basis for the pleas; and that the pleas were accurate. The court accepted the pleas and found Lassek guilty of the charges.

Lassek subsequently requested to withdraw his pleas and that he be appointed new counsel. The court denied both motions and found that Lassek was properly informed of his rights, that the pleas were properly accepted, and that Lassek was competent to enter a plea at the time.

Lassek was sentenced on August 4, 2005, to 45 years to life in prison for second degree murder and to 15 to 20 years in prison for the firearm charge, to be served consecutively to the sentence for second degree murder. He was given credit for time served of 878 days.

## ASSIGNMENTS OF ERROR

In summary, Lassek assigns the following errors: The district court erred (1) in finding Lassek competent; (2) in finding that Lassek freely, intelligently, voluntarily, and understandingly entered his pleas and in not allowing him 24 hours between the amendment of the information and the entry of the pleas; and (3) in imposing excessive sentences. Lassek also claims that he was denied effective assistance of counsel.

## ANALYSIS

### COMPETENCY TO STAND TRIAL

Lassek claims he was not competent to enter his pleas of no contest. The question of competency to stand trial is one of fact to be determined by the court, and the means employed in resolving the question are discretionary with the court. *State v. Jones*, 258 Neb. 695, 605 N.W.2d 434 (2000). If there is sufficient evidence in the record to support factual findings relating to competency, such factual findings will not be disturbed on appeal. *Id.*

■ The determination of Lassek's competency was based upon the medical opinions of two psychiatrists, Martin and Davis. Martin was a psychiatrist at the LRC, and Davis was appointed by the court to evaluate Lassek's competency. A person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to such proceedings, and to make a rational defense. *State v. Hittle*, 257 Neb. 344, 598 N.W.2d 20 (1999). The test of mental capacity to plead is the same as that required to stand trial. See, *State v. Beans*, 212 Neb. 31, 321 N.W.2d 72 (1982); *State v. Wead*, 9 Neb. App. 177, 609 N.W.2d 64 (2000).

When Lassek was first evaluated by Martin on November 5, 2003, Martin concluded that Lassek did not meet the standard for competency to stand trial in Nebraska. After Lassek was committed to the LRC, Martin reported that Lassek had become more communicative and in contact with reality. In a subsequent report by Martin dated March 19, 2004, he concluded that Lassek currently met the basic standard for competency to stand trial. Martin stated that the standard for trial competency was whether the defendant had the capacity to understand the nature and object of the proceedings against him, to comprehend his own condition in reference to such proceedings, and to make a rational defense.

Martin concluded Lassek generally understood which crimes he had been charged with and that if he was found guilty, he could be sent to prison for a significant period of time. Martin found that Lassek understood the trial process in a satisfactory way, knew there would be a judge whose responsibility would be to run the trial and make certain essential decisions, knew a defense attorney and a prosecuting attorney would be present, and knew what each person's responsibility would be. Martin found that Lassek had adequate understanding of what the witnesses' testimony would be, that he understood what was meant by taking an oath, and that Lassek understood that lying under oath would constitute a new crime of perjury.

Martin found that Lassek could, if necessary, testify in his own behalf and would hold up under the stress of trial without a

high likelihood of decompensating. According to Martin, Lassek understood that either a judge or a jury would make a decision as to his guilt or innocence based on the evidence presented, and Lassek had "no paranoid desire for unreasonable punishment by the community." Martin opined that Lassek did not currently suffer from any mental defect or disorder which would preclude him from working with his attorney in the preparation and presentation of a rational defense. It was Martin's opinion that Lassek had attained, at least minimally, the standard for competency to stand trial in Nebraska.

The court granted Lassek's request for a second, independent examination because Martin's second report conflicted with his first. Lassek was evaluated by Davis on August 17, 2004, and his report was submitted to the court by Lassek's counsel on December 10. The purpose of Davis' evaluation was to determine whether Lassek was competent to stand trial, determine his mental status at the time of the alleged offenses, and determine what psychiatric treatment Lassek needed, if any.

In evaluating Lassek, Davis focused on whether he suffered from any mental illness or other psychiatric or emotional condition. He considered whether Lassek was competent to stand trial and whether he knew, understood, and appreciated the nature, quality, willfulness, and consequences of his actions on October 7, 2002. He considered whether as a result of any mental disease or defect, Lassek was unable to know, understand, or appreciate the nature, quality, wrongfulness, or consequences of his actions on the date in question and whether he needed any psychiatric treatment.

In his report, Davis noted that at the outset, Lassek was evasive and gave irrelevant answers. In order to assess Lassek's competency to stand trial, Davis asked Lassek a series of questions to determine whether he knew and understood the nature and substance of the charges and proceedings against him, the roles of the various participants in the courtroom process, and his constitutional rights. Davis also tried to assess Lassek's ability to assist in his defense (whether he was able to consult with his attorney) with a reasonable degree of understanding and whether he had a rational as well as factual understanding of the proceedings against him.

It was Davis' opinion that Lassek, at the time of the alleged offenses, did not suffer from any mental disorder, mental abnormality, mental disease, or mental defect that would adversely affect his ability to know, understand, or appreciate the nature, quality, wrongfulness, or consequences of his actions on October 7, 2002. Davis concluded that Lassek's claimed symptoms were under voluntary control, were not genuine, and did not render him incompetent. Davis was of the opinion that Lassek did not suffer from any condition that could serve as a basis for an insanity defense. He concluded that Lassek did not have any mental disorder other than an antisocial personality disorder and a history of polysubstance dependence. According to Davis, Lassek did not require any psychiatric treatment at that time.

Neb. Rev. Stat. § 29-1823(1) (Cum. Supp. 2004) provides in part:

> If at any time prior to trial it appears that the accused has become mentally incompetent to stand trial, such disability may be called to the attention of the district court by the county attorney, by the accused, or by any person for the accused. The judge of the district court of the county where the accused is to be tried shall have the authority to determine whether or not the accused is competent to stand trial. The district judge may also cause such medical, psychiatric, or psychological examination of the accused to be made as he or she deems warranted and hold such hearing as he or she deems necessary.

On December 13, 2004, the court entered an order finding that Lassek was competent to stand trial. The means to be employed to determine competency or the substantial probability of competency within the foreseeable future are discretionary with the district court, and the court may cause such medical, psychiatric, or psychological examination of the accused to be made as the court deems necessary in order to make such a determination. *State v. Jones*, 258 Neb. 695, 605 N.W.2d 434 (2000). If there is sufficient evidence in the record to support factual findings relating to competency, such factual findings will not be disturbed on appeal. *Id.* The evidence in the record is sufficient to support the court's findings that Lassek was competent to stand trial, and we will not disturb those findings.

## No Contest Pleas

Lassek argues that his no contest pleas were not freely, intelligently, voluntarily, and understandingly made. The argument in Lassek's brief related to this alleged error includes his argument that the court erred in failing to allow him 24 hours between the amendment of the information and the entry of the pleas.

Lassek was found competent to stand trial on December 13, 2004, and an amended information was filed on December 14. Apparently, the State did not ask the court for leave to amend the information until the plea hearing on May 16, 2005; however, Lassek made no objection to the motion for leave to amend. Lassek was then given leave to withdraw his previous pleas of not guilty. There is no question that Lassek had more than 24 hours' notice of the amended information prior to the hearing at which he entered his pleas, and his assigned error related to notice has no merit. Having made this determination, we turn to the facts related to whether Lassek's pleas were made freely, intelligently, voluntarily, and understandingly.

At the May 16, 2005, hearing, counsel stated that Lassek wished to plead no contest. In a colloquy with Lassek, the court inquired concerning Lassek's understanding of his right to a public and speedy trial, the right to confront witnesses, the right to require witnesses to appear and testify on his behalf, the right to remain silent, the right to appeal, and the right to be represented by an attorney. Lassek indicated that he understood he would be giving up these rights by pleading no contest.

The court asked Lassek if he had ever been treated for any mental illness or whether he suffered from any mental or emotional disability. Lassek responded that he had previously been treated for "schizophrenic and bipolar and stuff like that." The court asked if Lassek was presently taking any medication for those conditions, and Lassek stated, "I'm at the County, and they won't give it to me over there." The court asked Lassek if he felt that "the schizophrenia and . . . bipolar" affected his understanding of the court proceedings. Lassek responded, "Not today," and indicated that he wanted to proceed. Lassek said he was not under the influence of any alcohol or drugs and that no promises, threats, or inducements had been made to him to

obtain the pleas. Lassek said he believed the pleas were his own free and voluntary act.

The court asked Lassek if he had any questions about what had occurred that day or at any time since his arrest, and Lassek indicated that he had none. Lassek's attorney stated that Lassek's pleas were consistent with the law and the facts and were in his best interests. The court found beyond a reasonable doubt that Lassek understood the nature of the charges against him; that he understood the possible sentences; that his pleas were made freely, intelligently, voluntarily, and understandingly; that there was a factual basis for the pleas; and that the pleas were accurate. The court accepted the pleas and found Lassek guilty of second degree murder and use of a firearm to commit a felony.

Approximately 5 weeks after the plea hearing, Lassek requested that he be allowed to withdraw his pleas and that he be appointed new counsel. The court denied both motions, finding that Lassek was properly informed of his rights, that the pleas were properly accepted, and that Lassek was competent to enter a plea at the time.

A plea of no contest is equivalent to a plea of guilty. *State v. Gonzalez-Faguaga*, 266 Neb. 72, 662 N.W.2d 581 (2003). To support a finding that a plea of guilty has been entered freely, intelligently, voluntarily, and understandingly, a court must inform the defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Hall*, 268 Neb. 91, 679 N.W.2d 760 (2004). The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *Id.* A trial court is given discretion as to whether to accept a guilty plea; an appellate court will overturn that decision only where there is an abuse of discretion. *State v. Brown*, 268 Neb. 943, 689 N.W.2d 347 (2004).

The record demonstrates that the court adequately informed Lassek of his rights, that a factual basis for the pleas was established, and that Lassek was informed of the range of penalties for the crimes charged. We find no abuse of discretion in the court's acceptance of the pleas, and this assignment of error has no merit.

### EXCESSIVE SENTENCES

Lassek claims that the court imposed excessive sentences. He was sentenced to 45 years to life in prison for second degree murder and to a consecutive term of 15 to 20 years in prison for use of a firearm to commit a felony. The court stated that Lassek would be given credit for time served of 878 days.

Lassek appears to argue that the court failed to take into consideration his multiple psychiatric problems and social and cultural background in determining his sentences. We have frequently defined the factors a judge should consider in imposing a sentence, stating that a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Vasquez*, 271 Neb. 906, 716 N.W.2d 443 (2006). However, we have also held that in considering a sentence to be imposed, the sentencing court is not limited in its discretion to any mathematically applied set of factors. *State v. Aldaco*, 271 Neb. 160, 710 N.W.2d 101 (2006). "The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life." *Id.* at 171, 710 N.W.2d at 110-11.

Lassek was convicted of second degree murder and use of a firearm to commit a felony. Second degree murder is a Class IB felony, which is punishable by a term of 20 years to life in prison. See Neb. Rev. Stat. §§ 28-105 (Cum. Supp. 2004) and 28-304 (Reissue 1995). Use of a firearm to commit a felony is a Class II felony, which is punishable by a term of 1 to 50 years in prison, to be served consecutively to the sentence for the underlying crime. See § 28-105 and Neb. Rev. Stat. § 28-1205 (Reissue 1995).

The sentences imposed on Lassek were within the statutory limits, and when sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the above-listed factors as well as any

applicable legal principles in determining the sentences to be imposed. See *State v. Vasquez, supra.* There is no support for an argument that the court abused its discretion in determining Lassek's sentences.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Lassek claims trial counsel was ineffective in failing to "demand" a full and complete hearing on Lassek's competency and in failing to prosecute an appeal from the finding that he was competent to stand trial. See brief for appellant at 22.

■ To establish a right to relief because of a claim of ineffective counsel at trial or on direct appeal, the defendant has the burden first to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *State v. Williams,* 269 Neb. 917, 697 N.W.2d 273 (2005).

Lassek's counsel discharged his duty by requesting that Lassek be evaluated for competency and by requesting a second evaluation concerning competency after Martin concluded that Lassek was competent to stand trial. The law requires counsel to be a lawyer with ordinary training and skill in criminal law, and Lassek's counsel met this standard. There is no basis to find that counsel provided ineffective assistance in failing to demand a full competency hearing.

■ Lassek also claims his counsel should have filed a direct appeal after Lassek was determined to be competent to stand trial. A proceeding to determine the competency of an accused to stand trial is a special proceeding within the meaning of Neb. Rev. Stat. § 25-1902 (Reissue 1995), and an order finding the accused incompetent to stand trial and ordering the accused confined until such time as he or she is competent is a final order from which an appeal may be taken under Neb. Rev. Stat. § 25-1911 (Reissue 1995). *State v. Jones,* 258 Neb. 695, 605 N.W.2d 434 (2000). However, the order finding Lassek competent to stand trial was not an appealable order.

In *State v. Guatney,* 207 Neb. 501, 508, 299 N.W.2d 538, 543 (1980), we stated:

Had the trial court found the appellant competent and ordered him to trial, an entirely different situation would exist. Upon the conclusion of the case on its merits, should the accused be found guilty, he would have a means of bringing the issue of his competency to this court for review.

This is the situation in the case at bar. Lassek had a means to bring the issue of his competency to this court for review in the present appeal. Counsel was not ineffective for failing to appeal from the court's order finding Lassek to be competent.

### CONCLUSION

There is no merit to any of Lassek's assigned errors. The judgment of the district court is affirmed.

AFFIRMED.

HEAVICAN, C.J., not participating.