STATE OF NEBRASKA, APPELLEE, V.
GREGORY D. FESTER II, APPELLANT.
743 N.W.2d 380

Filed January 4, 2008.   No. S-07-336.

Alan G. Stoler, of Law Office of Alan G. Stoler, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, George R. Love, and Andy Maca, Senior Certified Law Student, for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Gregory D. Fester II pled guilty to two counts of second degree murder and one count of use of a firearm in the commission of a felony in the April 17, 2006, deaths of Wayne and Sharmon Stock in Murdock, Nebraska. Fester was sentenced to a term of not less than life imprisonment nor more than life imprisonment for each count of murder in the second degree, and a term of 10 to 20 years' imprisonment for use of a firearm to commit a felony. The sentences were to be served consecutively. Fester claims the sentences were excessive. For the following reasons, we affirm the judgment of the district court.

## STATEMENT OF FACTS

Fester lived with his girlfriend, Jessica Reid, in Horicon, Wisconsin. Fester and Reid left their apartment in Wisconsin on April 15, 2006, and arrived in Nebraska on April 17. Along the way, Fester and Reid participated in a crime spree that involved, among other things, stealing two cars and burning another, breaking into several homes, and stealing a 12 gauge shotgun and ammunition.

On the night of April 17, 2006, Fester and Reid arrived in Murdock, Nebraska, and, armed with a 12 gauge shotgun and a .410 shotgun, broke into the home of the Stocks with the intent to burglarize the home. The Stocks' home had been randomly selected. After entering the house, Fester heard snoring coming from upstairs. Fester and Reid went up the stairs toward the Stocks' bedroom.

It is not entirely clear what happened when Fester and Reid reached the Stocks' bedroom. But according to the uncontested recitation of the facts offered by the State at the sentencing hearing, Wayne Stock attempted to confront Fester and Reid, and Fester fired a shot that hit Wayne Stock in the knee. A struggle ensued between Fester and Wayne Stock. Apparently, while Fester and Wayne Stock were allegedly fighting over the weapon, Fester told Reid to "do something," and Reid fired her .410 shotgun in the direction of Wayne Stock. Fester then shot Wayne Stock in the back of the head with his shotgun, killing him. Then, Fester entered the bedroom and shot Sharmon Stock in the face, killing her.

Pursuant to a plea agreement, Fester was eventually charged in an amended information with two counts of murder in the second degree[1] and one count of use of a firearm in the commission of a felony.[2] Fester pled guilty to all three counts of the amended information.

The presentence investigation report revealed that Fester was 19 years of age at the time the Stocks were killed and that at the time of sentencing, he had a 2-year-old child. Fester had a lengthy history of substance abuse, including the use of alcohol,

---

[1]  See Neb. Rev. Stat. § 28-304 (Reissue 1995).

[2]  See Neb. Rev. Stat. § 28-1205 (Reissue 1995).

marijuana, cocaine, heroin, and dextromethorphan. Fester also has an extensive history of criminal activity. Fester's prior criminal activity included, among other things, trespass to land, shoplifting, disorderly conduct, theft from a motor vehicle, criminal damage to property, and sexual assault. The presentence investigation report also revealed that during Fester's life, he had been under various degrees of psychiatric care and had taken a variety of psychotropic medications.

Following a sentencing hearing, the district court sentenced Fester to a term of not less than life imprisonment nor more than life imprisonment for each count of murder in the second degree and a term of 10 to 20 years' imprisonment for use of a firearm to commit a felony. The sentences were to be served consecutively. Fester appealed.

## ASSIGNMENT OF ERROR

Fester assigns, consolidated and restated, that the district court erred in imposing excessive sentences.

## STANDARD OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court.[3]

## ANALYSIS

Fester was convicted of two counts of second degree murder and one count of use of a firearm to commit a felony. Second degree murder is a Class IB felony,[4] punishable by a minimum of 20 years' imprisonment and a maximum of life imprisonment.[5] Use of a deadly weapon which is a firearm to commit a felony is a Class II felony[6] and is punishable by a minimum of 1 year's imprisonment and a maximum of 50 years' imprisonment.[7] The sentences imposed on Fester were within the statutory limits.

---

[3] *State v. Archie*, 273 Neb. 612, 733 N.W.2d 513 (2007).

[4] § 28-304.

[5] Neb. Rev. Stat. § 28-105 (Cum. Supp. 2006).

[6] § 28-1205.

[7] § 28-105.

Fester nonetheless argues that his sentences were excessive. Fester contends that the district court failed to properly consider, as a mitigating factor, his acceptance of responsibility for the crime and his admission of guilt. Fester also claims that the court erred in failing to adequately weigh certain mitigating circumstances including his age, his history of mental illness, his use of drugs before the commission of the crime, and the fact that he has a 2-year-old child.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime.[8] We have further held that, in considering a sentence to be imposed, the sentencing court is not limited in its discretion to any mathematically applied set of factors. Obviously, depending on the circumstances of a particular case, not all factors are placed on a scale and weighed in equal proportion. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all facts and circumstances surrounding the crime and the defendant's life.[9]

The presentence investigation report reveals that Fester has an extensive criminal record, a significant history of drug use and distribution, and a history of violence. The record also plainly establishes that the killing of the Stocks was depraved, violent, and senseless. In discussing the killings, Fester admitted to the presentence investigative probation officer that he and Reid "'really didn't need any money, we were just there for the thrill I guess.'"

At sentencing, the district court considered both the mitigating and aggravating factors and explained that Fester's "possibility of rehabilitation is remote and is far outweighed in this case by the necessity and need for the protection of society." We agree. Without provocation or justification, two innocent

---

[8] *State v. Archie, supra* note 3.

[9] See *State v. Aldaco*, 271 Neb. 160, 710 N.W.2d 101 (2006).

people were callously murdered in the solitude and sanctity of their own home. Any lesser sentence under these circumstances, even when considering the mitigating factors urged by Fester, would diminish the seriousness of this crime and promote disrespect for the law.

## CONCLUSION

We have reviewed the record and considered Fester's arguments. Based on our review of the record, and the foregoing reasoning, we conclude that the district court did not abuse its discretion in sentencing Fester. The judgment of the district court is affirmed.

AFFIRMED.