16 Neb. App. 324
STATE OF NEBRASKA, APPELLEE,
v.
CLINTON M. MLYNARIK, APPELLANT.
No. A-07-449.
Court of Appeals of Nebraska.
Filed January 15, 2008.
Phillip G. Wright, of Wright & Associates, for appellant.
Jon Bruning, Attorney General, and James D. Smith for appellee.
SIEVERS, CARLSON, and CASSEL, Judges.
CARLSON, Judge.

INTRODUCTION
Clinton M. Mlynarik, the defendant, pled guilty in a plea agreement to the charge of attempted possession of a controlled substance, methamphetamine, a Class I misdemeanor. The district court sentenced the defendant to 3 years of intensive supervision probation with multiple probation conditions. The defendant appeals, claiming that some of the conditions of the probation are an abuse of discretion.

FACTUAL BACKGROUND
The factual background of this case was provided in the defendant's plea. In summary, the defendant admitted to the use of methamphetamine and, upon a consent search, certain paraphernalia needed for making methamphetamine was found. The defendant was originally charged with the felony charge of possession of a controlled substance, namely methamphetamine, which charge was reduced to the plea charge of attempted possession.
After a presentence investigation, the defendant was sentenced to 3 years of intensive supervision probation.

ASSIGNMENT OF ERROR
The defendant assigns a single error as follows: "The District Court erred in and abused its discretion in sentencing the Defendant-Appellant under the terms and conditions of an Order of Probation entered March 30, 2007."

STANDARD OF REVIEW
[1] The standard used to review the terms of probation is whether the trial court abused its discretion. See State v. Wood, 245 Neb. 63, 511 N.W.2d 90 (1994).
[2] An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right. State v. Iromuanya, 272 Neb. 178, 719 N.W.2d 263 (2006).

ANALYSIS
The defendant claims three difficulties with the district court's probation sentence. In sum, they were that certain conditions of the probation were unrelated to the drug charge, that some went beyond the "usual terms of probation," and finally, that the sentencing court improperly delegated powers to the probation officer.
After a review of the record and, specifically, the probation order in toto, we find no abuse of discretion. It should be noted that the judge at sentencing stated that the defendant had "a criminal history going back to 1983" and "substance  alcohol and drug-related offenses that go back to 1986." These conclusions were totally supported in the record and by the defendant's record. The defendant's relevant criminal history, in brief, shows three driving under the influence convictions, three controlled substance convictions, and additional alcohol and drug-related offenses which were dismissed in other plea agreements. In regard to its probation sentence, the judge noted, "It's a probation that's designed to help you kick the habit that you've got and get you on the path towards sobriety and a more productive life and hopefully on a path that won't bring you back before me or any other judge again."
At sentencing, the following colloquy occurred: "THE COURT: So are you willing to do these things? THE DEFENDANT: Yeah. THE COURT: You think you can do these things? THE DEFENDANT: Sure. Yeah, I can do it. It's a long time. Yeah, I can do it."
The defendant admits that his sentence was within the "statutory guidelines." We find no abuse of discretion on this record.
The appellee notes the potential of plain error in that the district court sentenced the defendant to a term of 3 years' probation for a "second offense misdemeanor." The applicable statute uses the language of a "second offense misdemeanor" but apparently does not define the term. Neb. Rev. Stat. § 29-2263(1) (Cum. Supp. 2006) states in part, "When a court has sentenced an offender to probation, the court shall specify the term of probation which shall be not more than five years upon conviction of a felony or second offense misdemeanor and two years upon conviction of a first offense misdemeanor." (Emphasis supplied.) The amended information in this case did not allege a second offense misdemeanor.
This question of whether a person who has committed a number of misdemeanors falls into the category of a "second offense misdemeanor" under the above statute appears to be a one of first impression. It is true that the term "second offense" in Nebraska law generally denotes a specific chargeable offense, e.g., Neb. Rev. Stat. § 60-6,197.03 (Supp. 2007) (driving under the influence, second offense); Neb. Rev. Stat. § 60-4,108 (Reissue 2004) (driving under suspension, second offense); Neb. Rev. Stat. § 28-106 (Cum. Supp. 2006); State v. Ladehoff, 229 Neb. 111, 425 N.W.2d 352 (1988) (probation term of 2 years is maximum unless offense is felony or second offense misdemeanor).
[3] Based on the fact that the charge does not specify "second offense," we find that the district court's sentence was plain error. Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. State v. Barfield, 272 Neb. 502, 723 N.W.2d 303 (2006), disapproved on other grounds, State v. McCulloch, 274 Neb. 636, N.W.2d (2007). Finding plain error, we modify the defendant's sentence of probation from 3 years to 2 years.

CONCLUSION
Based on the foregoing, we affirm the district court's judgment as modified.
AFFIRMED AS MODIFIED.