16 Neb. App. 651
STATE OF NEBRASKA, APPELLEE,
v.
RANDY L. ANDERSEN, APPELLANT.
No. A-07-547.
Court of Appeals of Nebraska.
Filed April 29, 2008.
Andrew J. Wilson and Kylie A. Wolf, of Walentine, O'Toole, McQuillan & Gordon, for appellant.
Jon Bruning, Attorney General, and Stacy M. Foust for appellee.
SIEVERS, CARLSON, and MOORE, Judges.
CARLSON, Judge.

INTRODUCTION
Randy L. Andersen (defendant) pled no contest to count I, a charge of motor vehicle homicide by reckless/willful reckless driving, a Class IIIA felony. The district court sentenced defendant to 5 to 5 years' imprisonment and ordered him not to drive a motor vehicle for a period of 15 years. Defendant appeals, claiming that the plea was not voluntary and that the sentence was excessive.

FACTUAL BACKGROUND
Based on a plea bargain, defendant pled no contest to motor vehicle homicide by reckless/willful reckless driving, a Class IIIA felony, on February 23, 2007. As a part of the plea agreement, the State dismissed count II, a charge of assault in the second degree, a Class IIIA felony, and agreed not to file 10 violations of a protection order, second offense, all Class IV felonies. After the plea hearing, the court adjudged defendant guilty of motor vehicle homicide by reckless/willful reckless driving and sentenced defendant to 5 to 5 years' imprisonment and a license revocation of 15 years. Defendant appeals.
The relevant facts in regard to defendant's plea and sentence will be addressed in detail in the analysis section of this opinion.

ASSIGNMENTS OF ERROR
Defendant cites two errors in his brief as follows: "[Defendant's] plea of no contest was not made knowingly, voluntarily and intelligently. . . . The sentence imposed by the lower court is excessive."

STANDARD OF REVIEW
[1] A trial court is given discretion as to whether to accept a guilty plea; an appellate court will overturn that decision only where there is an abuse of discretion. State v. Lassek, 272 Neb. 523, 723 N.W.2d 320 (2006).
[2] A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. State v. Fester, 274 Neb. 786, 743 N.W.2d 380 (2008).
[3] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. State v. Archie, 273 Neb. 612, 733 N.W.2d 513 (2007).
[4] Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. State v. Mlynarik, 16 Neb. App. 324, 743 N.W.2d 778 (2008).

ANALYSIS

Plea.
Defendant entered a plea of no contest and was adjudged guilty by the district court of motor vehicle homicide by reckless/willful reckless driving pursuant to Neb. Rev. Stat. § 28-306(3)(a) (Cum. Supp. 2004). Defendant alleges, in his first error, that his plea of no contest was not done freely, intelligently, voluntarily, and understandingly.
[5,6] The requirements of such a plea were reiterated in the case of State v. Lassek, supra, wherein it was pointed out that a plea of no contest is equivalent to a plea of guilty. To support a finding that a plea of guilty has been entered freely, intelligently, voluntarily, and understandingly, a court must inform the defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. Id. A trial court is given discretion as to whether to accept a guilty plea; an appellate court will overturn that decision only where there is an abuse of discretion. Id. With these parameters and guidelines in mind, we turn to the record to determine whether defendant was adequately informed of his rights, whether he knew the range of penalties, and whether there was a factual basis for the plea.
The thrust of defendant's argument is that in his mind, the offense should have been a misdemeanor instead of a felony and that he should have gotten some type of a preagreement on his sentence. The record is not supportive of defendant's argument.
The following excerpts from the record highlight some of defendant's complaints but show the plea herein was made freely, intelligently, voluntarily, and understandingly.
THE COURT: . . . [Y]ou've had an opportunity to talk to your attorney. What is it you wish to do at this time?
THE DEFENDANT: I'm not going to waste the Court's time, never have, never will. I'm going to plead no contest.
THE COURT: To Count I?
[Counsel for defendant]: Count I.
THE COURT: I take it pursuant to the plea agreement that was mentioned when we started where the State would dismiss Count II and not file on ten counts of violation of a protection order?
[Counsel for defendant]: That's correct.
THE COURT: Okay. Is that your understanding . . . ? THE DEFENDANT: Yes.
THE COURT: Okay. And is a no contest plea acceptable to the State?
[Counsel for the State]: Yes.
THE COURT: Do you understand . . . that a no contest plea will be treated the same as a plea of guilty as far as sentencing goes?
THE DEFENDANT: Yeah.
THE COURT: Is that a yes?
THE DEFENDANT: Yes.
. . . .
THE COURT: Do you understand the maximum possible penalty for this charge is five years in jail and a $10,000 fine? The Court doesn't have to put you in jail for five years. It could be a day on up, and the Court doesn't have to fine you $10,000. It could be a dollar on up. Do you understand?
THE DEFENDANT: Yes.
THE COURT: Has anybody told you or led you to believe that by entering your plea of no contest you would receive probation, be given a light sentence or in any way rewarded for pleading no contest?
THE DEFENDANT: (No audible answer.)
THE COURT: Has anybody told you what's going to happen?
THE DEFENDANT: (No audible answer.)
THE COURT: There's been discussion of what you would like to happen, but has anybody told you what your sentence is going to be?
THE DEFENDANT: (No audible answer.)
THE COURT: Did your attorney tell you what your sentence was going to be?
THE DEFENDANT: No.
THE COURT: Did anybody else tell you what your sentence would be? Nobody's told you you're going to get the minimum and nobody told you you're not going to get the maximum, is that correct, or any specific number as far as jail time?
THE DEFENDANT: I was told in November I was going to get 20 to 30 months time served.
THE COURT: Who told you that?
THE DEFENDANT: It was a plea thing that the lawyer told me, but no.
THE COURT. Okay.
[Counsel for defendant]: As his attorney, I have told him that's what I would ask for. As we have discussed
THE DEFENDANT: Until these letters came up.
[Counsel for defendant]:  many times, that is not part of the plea deal. It's been one of the frustrations [defendant] has expressed with me, is that he wants the sentence guaranteed, and I've expressed to him
THE DEFENDANT: I said I wanted it in writing. [Counsel for defendant]: And I said it was not guaranteed.
THE DEFENDANT: That was in November.
THE COURT: Do you understand that what your attorney tells you, you know, is something that is recommended to the Court under the circumstances, but the Court is not bound by that?
THE DEFENDANT: Yeah, I was told that today.
THE COURT: All right. All right. You're still willing to proceed?
THE DEFENDANT: I'm done with this. I want it over with.
. . . .
THE COURT: Okay. The charge, Count I, is that on or about the 26th day of November, 2005, in Douglas County, you unintentionally caused the death of Jay Hinchman.
[Counsel for the State]: Hinchman.
THE COURT: Jay Hinchman, while engaged in the unlawful operation of a motor vehicle and in violation of Section [6]0-6,213 or Section 60-6,214.
THE DEFENDANT: What's those sections for? [Counsel for the State]: That would be reckless and willful reckless driving.
THE COURT: Either reckless or willful reckless driving. That's what you're charged under.
THE DEFENDANT: Which is one  or willful, one, disregard for human life, conscious or deliberate is substates and counties.
THE COURT: Well, that's the charge as set out. Do you still wish to plead no contest to that charge?
THE DEFENDANT: I have no choice, yes.
THE COURT: Well, you can say, no, I don't want to and, you know
THE DEFENDANT: And we wait another year? No, I don't want to wait another year.
THE COURT: Before I can accept your plea, I have to be satisfied there's a factual basis for the charge. Is the State going to give the factual basis?
[Counsel for the State]: On November 26th, 2005, here in Douglas County, Nebraska, the defendant was operating a motor vehicle and turned onto Farnam Street heading the wrong way on a one-way street. The defendant then struck a car being driven by the victim, Jay Hinchman, at approximately 33rd Street and Farnam Street, which caused the car driven by Mr. Hinchman to spin 180 degrees and strike a guardrail. According to the coroner's  excuse me, the medical examiner's report, Mr. Hinchman died as a result of the injuries sustained in that accident.
The defendant did show some signs of alcohol impairment to Omaha police officers following a legal blood draw, his BAC tested at a 0.61. There was also the presence of marijuana in his urine. All those events occurred here in Douglas County, Nebraska.
THE COURT: Do you believe that [defendant's] plea of no contest is consistent with the law the facts and in his best interests?
[Counsel for defendant]: Yes.
THE COURT: All right. . . . [T]he Court finds beyond a reasonable doubt that you understand the nature of the charge against you to which you pled no contest to; that you understand the possible penalties; that your plea is entered freely, knowingly, intelligently; that there is a factual basis for your plea. The Court grants you leave to withdraw your previously entered plea of not guilty, accepts your plea of no contest, finds and adjudges you guilty of the charge. The matter will be referred for a Presentence investigation.
Based on a careful review of the total record, we find no abuse of discretion and that this error has no merit. We agree with the summation of the State in its brief that defendant's arguments are founded upon comments made by him which have been taken out of the context of the entire plea hearing. The fact that defendant did not agree with the evidence, whether he should be charged with a misdemeanor or felony, and what his final sentence should be does not change that his plea was made freely, intelligently, voluntarily, and understandingly. The district court explained to him that he would be pleading no contest to a felony and that his sentence would be within the discretion of the court despite the recommendations of counsel.

Excessive Sentence.
[7] The district court sentenced defendant to 5 to 5 years' imprisonment based on his plea to count I, motor vehicle homicide by reckless/willful reckless driving, a Class IIIA felony. Count I was punishable by up to 5 years' imprisonment, a $10,000 fine, or any combination of the two. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2006). The standard of review in regard to sentencing is whether the sentence was within the statutory limits and whether the sentencing court abused its discretion. See, State v. Fester, 274 Neb. 786, 743 N.W.2d 380 (2008); State v. Archie, 273 Neb. 612, 733 N.W.2d 513 (2007).
It is clear that the sentence was within the statutory limitations. Defendant argues that although he has had a troubled past, he has made efforts to take control of his admitted drinking problem. In response, the State points to defendant's extensive criminal history (six pages in the presentence investigation report). Defendant has been convicted of multiple counts of driving during suspension, driving under the influence, and possession of less than 1 ounce of marijuana, among many other convictions. He has a previous felony conviction for the offense of felony criminal mischief in which he was sentenced to an imprisonment of 30 to 60 months. It should be noted that defendant benefited from a plea bargain in which the prosecutor dismissed and agreed not to file 11 felony charges.
[8-10] When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. State v. Fester, supra. We have further held that, in considering a sentence to be imposed, the sentencing court is not limited in its discretion to any mathematically applied set of factors. Id. Obviously, depending on the circumstances of a particular case, not all factors are placed on a scale and weighed in equal proportion. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all facts and circumstances surrounding the crime and the defendant's life. Id.
Based on the criteria set in the law, we find no support for the argument that the court abused its discretion in defendant's sentence of imprisonment.

Plain Error.
As a part of defendant's sentence, the court suspended defendant's driver's license for a period of 15 years. The State has conceded that the district court erred in imposing any time period of license revocation for defendant under the statute to which he pled and was found guilty. It is clear that the statute, § 28-306(3)(a), contains no provision for a license revocation. The portion of § 28-306(3)(a) in question simply reads as follows: "If the proximate cause of the death of another is the operation of a motor vehicle in violation of section 60-6,213 or 60-6,214, motor vehicle homicide is a Class IIIA felony." Neb. Rev. Stat. §§ 60-6,213 and 60-6,214 (Reissue 2004) refer to the statutes on reckless and willful reckless driving, respectively. These statutes have no penalty provisions.
[11] We find that under the present state of Nebraska law, a conviction of the above provision, motor vehicle homicide by reckless/willful reckless driving, does not give the sentencing court any authority to order a license revocation. As a result, we find plain error and vacate that portion of defendant's sentence that ordered defendant not to operate a motor vehicle for a period of 15 years. Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. State v. Mlynarik, ante p. 324, 743 N.W.2d 778 (2008).

CONCLUSION
We therefore affirm the district court's judgment in all respects, except that we modify the sentencing order in regard to the license revocation.
AFFIRMED AS MODIFIED.