juvenile court that he was Kodi's custodian. Therefore, we do not consider that argument on appeal.

In summary, Michael argues that he should be included as a party on grounds not presented to the juvenile court. Yet, he fails to challenge the juvenile court's key decision leading to his exclusion—the setting aside of the acknowledgment of paternity as fraudulent. As such, the only question properly before this court is whether the juvenile court erred in dismissing Michael from the proceedings after it had set aside the acknowledgment of paternity.

We find no error in this regard. Once the acknowledgment was set aside, Michael could no longer claim that he was Kodi's legal father. And the evidence before the juvenile court conclusively established that Michael was not Kodi's biological father. The acknowledgment was Michael's sole basis for claiming that he was Kodi's father. Therefore, once the acknowledgment was set aside, he had no interest in the juvenile proceedings as a father. The juvenile court did not err in excluding Michael, because he was neither the legal nor the biological father.

### CONCLUSION

For the aforementioned reasons, we affirm the juvenile court's order dismissing Michael from the juvenile proceedings.

AFFIRMED.

HEAVICAN, C.J., not participating.

———————————

STATE OF NEBRASKA, APPELLEE, V.
GREGORY D. FESTER II, APPELLANT.
___ N.W.2d ___

Filed December 13, 2013.    No. S-13-401.

1. **Effectiveness of Counsel: Appeal and Error.** A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. An appellate court reviews the district court's factual findings for clear error. Whether defense counsel's performance was deficient and whether the defendant was prejudiced by that performance are questions of law that the appellate court reviews independently of the district court's decision.

2. **Postconviction: Pleas: Waiver: Effectiveness of Counsel.** While normally a voluntary guilty plea waives all defenses to a criminal charge, in a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel.

3. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.** In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense in his or her case.

4. **Effectiveness of Counsel: Proof.** To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.

5. **Effectiveness of Counsel: Pleas: Proof.** To show prejudice when the alleged ineffective assistance relates to the entry of a plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have entered the plea and would have insisted on going to trial.

6. **Effectiveness of Counsel: Proof.** The two prongs of the ineffective assistance test under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), deficient performance and prejudice, may be addressed in either order.

7. **Effectiveness of Counsel: Presumptions: Appeal and Error.** The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable and that even if found unreasonable, the error justifies setting aside the judgment only if there was prejudice.

Appeal from the District Court for Cass County: RANDALL L. REHMEIER, Judge. Affirmed.

Michael Ziskey, of Fankhauser, Nelsen, Werts, Ziskey & Merwin, P.C., for appellant.

Jon Bruning, Attorney General, and Melissa R. Vincent for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

STEPHAN, J.

Pursuant to a plea agreement, Gregory D. Fester II pled guilty to two counts of second degree murder and one count of use of a weapon to commit a felony. He was sentenced to two terms of life imprisonment on the murder convictions and to a term of 10 to 20 years in prison on the weapon

conviction, the sentences to be served consecutively. On direct appeal, we rejected his claim that these sentences were excessive.[1] Fester then filed a motion for postconviction relief, which the district court denied after conducting an evidentiary hearing. Fester now appeals from that order. Finding no error, we affirm.

## FACTS

Fester was originally charged with two counts of first degree murder and two counts of use of a weapon to commit a felony. The charges were based on the deaths of Wayne and Sharmon Stock in rural Murdock, Nebraska, on or about April 17, 2006. Counsel was appointed to represent Fester.

The State attempted to amend the original information to allege aggravating factors and make Fester eligible for the death penalty,[2] but his counsel successfully challenged the amendment, thus removing death as a possible penalty for Fester. The attorney's time records indicate that he or his firm spent approximately 285 hours preparing for trial. In this process, counsel learned that there was substantial evidence against Fester, including Fester's statements, DNA evidence, and the statements of Fester's codefendant, Jessica Reid.

Approximately 1 month prior to the date set for trial, Fester's attorney negotiated a plea agreement for him. Pursuant to the agreement, the charges were reduced to two counts of second degree murder and one count of use of a weapon to commit a felony. Counsel was prepared to try the case, but he thought the plea agreement was advantageous to Fester because second degree murder is punishable by 20 years to life in prison,[3] while the only possible sentence Fester could receive for first degree murder was life in prison.[4] Counsel hoped that by reaching the plea agreement, Fester, who was 19 years old when the crimes were committed, would be sentenced to a term of years, rather than life. In Nebraska, an offender sentenced to

---

[1] *State v. Fester*, 274 Neb. 786, 743 N.W.2d 380 (2008).

[2] See Neb. Rev. Stat. § 29-1603 (Reissue 2008).

[3] See Neb. Rev. Stat. §§ 28-105 and 28-304 (Reissue 2008).

[4] See § 28-105 and Neb. Rev. Stat. § 28-303 (Reissue 2008).

a term of years is eligible for parole, but an offender subject to a life sentence is not unless the sentence is commuted to a term of years by the Nebraska Board of Pardons.[5]

The written plea agreement expressly states that the statutory penalty for second degree murder is a minimum of 20 years in prison and a maximum of life imprisonment. It further states: "The Court can impose any sentence within the statutory range and both parties are free to argue at [the] time of sentencing as to what sentence should be imposed. There is no agreement as to the sentence to be imposed." The plea agreement further states that Fester had adequate time to discuss his defenses and options with his counsel and that Fester understood the provisions of the agreement. It also contains a clause noting that the agreement "contains all of the promises, agreements, and understandings between the parties." Fester read the plea agreement, entered his initials at the bottom of each page of the agreement, and signed the agreement.

Prior to accepting Fester's pleas, the district court engaged in a lengthy colloquy with him which included an advisement of the possible statutory penalties for second degree murder. Fester informed the court that he understood the possible penalties. Fester further acknowledged that he had had ample opportunity to review the case with his attorney and that he agreed to the plea agreement and wanted to enter it. He further stated that he was satisfied with his attorney's services.

After accepting the guilty pleas, the district court sentenced Fester to life imprisonment on both convictions of second degree murder and to 10 to 20 years in prison on the weapon conviction, the sentences to run consecutively. The same attorney represented Fester on direct appeal, in which we affirmed his sentences.[6]

Fester then filed this postconviction action. His original motion asserted eight grounds. The district court granted him an evidentiary hearing on two grounds alleging ineffective assistance of counsel, and it denied relief with respect to the

---

[5] See, Neb. Const. art. IV, § 13; Neb. Rev. Stat. § 83-1,110 (Reissue 2008); *Poindexter v. Houston*, 275 Neb. 863, 750 N.W.2d 688 (2008).

[6] *State v. Fester, supra* note 1.

remaining allegations. Fester did not appeal from that order, and that decision is therefore final and not the subject of this appeal.[7]

The district court then conducted an evidentiary hearing on Fester's allegations of ineffective assistance of counsel. Evidence received at the hearing included the plea agreement, the transcript of the hearing during which Fester's pleas were accepted, and the depositions of Fester and the attorney who represented him in the criminal prosecution and on direct appeal. After reviewing this evidence, the district court determined that Fester had failed to meet his burden of proving his pleas were the result of ineffective assistance of counsel, and therefore denied postconviction relief. Fester filed this timely appeal.

## ASSIGNMENT OF ERROR

Fester's sole assignment of error is that the district court erred in finding that his guilty pleas were not the result of ineffective assistance of counsel.

## STANDARD OF REVIEW

[1] A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact.[8] We review the district court's factual findings for clear error.[9] However, whether defense counsel's performance was deficient and whether the defendant was prejudiced by that performance are questions of law that we review independently of the district court's decision.[10]

## ANALYSIS

[2] For the sake of completeness, we note that Fester's ineffective assistance of counsel claims are properly before us. His guilty pleas did not waive the claim; while normally a voluntary guilty plea waives all defenses to a criminal

---

[7] See *State v. Timmens*, 282 Neb. 787, 805 N.W.2d 704 (2011).

[8] See *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012).

[9] See *id*.

[10] *Id*.

charge, in a postconviction proceeding brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel.[11] And Fester's claims are not procedurally barred because he was represented by the same counsel at trial and on appeal, and thus postconviction is the proper forum to raise his ineffective assistance of trial counsel claims.[12]

[3-7] Certain general principles govern our consideration of Fester's claims. In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*,[13] to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense in his or her case.[14] To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.[15] To show prejudice when the alleged ineffective assistance relates to the entry of a plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have entered the plea and would have insisted on going to trial.[16] The two prongs of this test, deficient performance and prejudice, may be addressed in either order.[17] The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable and that even if found unreasonable,

[11] *State v. Dunster*, 278 Neb. 268, 769 N.W.2d 401 (2009).

[12] See, *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013); *State v. McKinney*, 279 Neb. 297, 777 N.W.2d 555 (2010).

[13] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[14] *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012); *State v. Golka*, 281 Neb. 360, 796 N.W.2d 198 (2011).

[15] *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013).

[16] See *State v. Dunkin*, *supra* note 14.

[17] See, *id*.; *State v. Golka, supra* note 14; *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010).

the error justifies setting aside the judgment only if there was prejudice.[18]

In Fester's brief to this court, he asserts that his counsel was ineffective in three respects. We examine each of them in turn.

### INVESTIGATION AND REVIEW
### BY COUNSEL

Fester alleges that his counsel provided ineffective assistance because he did not directly review any discovery materials with Fester and did not adequately investigate the case. Fester alleges that because of these alleged shortcomings, he was forced to enter his guilty pleas.

The district court examined this claim in light of all the evidence presented and found that Fester failed to establish that counsel provided ineffective assistance. The court largely limited its analysis to whether counsel's performance was deficient. In doing so, it found that Fester's claims were substantially negated by the statements he made on the record at the time he entered his pleas—specifically, that he was satisfied with counsel's representation and that he had had ample time to discuss the case with him. Further, the court relied upon counsel's testimony that although he did not give discovery reports directly to Fester, he kept Fester informed on an "'ongoing'" basis of what he was reviewing and met with Fester 10 times outside of the courtroom. The court also found that Fester's counsel spent approximately 285 hours preparing for trial and that he continued to prepare until the plea agreement was reached. None of these factual findings are clearly erroneous, and we agree that on these facts, counsel did not perform deficiently. We affirm the district court's finding that counsel was not ineffective in this regard.

### PROMISE OF 21- TO 35-YEAR
### SENTENCES

Fester claims that his attorney told him he would be sentenced to 21 to 35 years in prison on the second degree murder

---

[18] *State v. Dunkin, supra* note 14.

convictions and that but for this assurance, he would not have entered into the plea agreement. But the district court found the evidence refuted this claim and that counsel did not perform deficiently. Specifically, the court found that prior to accepting the plea, Fester was advised that the possible penalty for second degree murder was 20 years to life in prison. The court also credited his attorney's testimony that he did not tell Fester he would be sentenced to 20 to 35 years in prison on the murder convictions and 1 to 5 years in prison on the weapon conviction. In addition, the record demonstrates that the plea agreement itself set forth the possible penalties for second degree murder and that Fester read and signed the plea agreement. We agree with the district court that the evidence establishes that Fester's counsel did not perform deficiently in this respect and therefore did not provide Fester ineffective assistance of counsel.

## Trial Preparation

Fester alleges that although trial was set for February 26, 2007, by January 19, his attorney had not taken any depositions, subpoenaed any witnesses, or discussed Fester's right to testify in his own defense at trial. He implies that due to this lack of preparation, he was coerced into entering into the plea agreement.

But Fester testified that at the time he entered his pleas, he understood his attorney was prepared to try the case. He also informed the court during the plea colloquy that he was satisfied with his attorney's services and had had ample time to review the case and the plea agreement with him. This evidence directly negates his claim that he was forced to enter the pleas because he thought his attorney was unprepared for trial. We further note the record demonstrates that counsel engaged in substantial pretrial preparation and that in the course of doing so, he was confronted with significant evidence against Fester. Under the circumstances, it was a reasonable strategy to enter into the plea agreement which reduced the charges to second degree murder.[19] We agree with the district court

---

[19] See, generally, *State v. Edwards, supra* note 8.

that Fester's counsel did not provide ineffective assistance in this regard.

## CONCLUSION

For all of the foregoing reasons, we affirm the decision of the district court denying postconviction relief.

Affirmed.