STATE OF NEBRASKA, APPELLEE, V.
OSCAR GONZALEZ-FAGUAGA, APPELLANT.
662 N.W.2d 581

Filed June 6, 2003. No. S-02-172.

Rachel A. Daugherty, of Lauritsen, Brownell, Brostrom, Stehlik, Thayer & Myers, for appellant.

Don Stenberg, Attorney General, and Mark D. Raffety for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

In October 2000, Oscar Gonzalez-Faguaga, under a plea agreement, pled no contest to one count of first degree assault. Gonzalez-Faguaga subsequently moved for postconviction relief. The district court denied his motion without an evidentiary hearing. The issue is whether the district court should have held an evidentiary hearing on Gonzalez-Faguaga's claim that his trial counsel was ineffective.

He alleges that his counsel failed to bring to the trial court's attention that the State had breached the plea agreement. Because Gonzalez-Faguaga pled sufficient facts to show ineffective assistance of trial counsel and the record fails to affirmatively show that he is not entitled to relief, we reverse in part, and remand with directions for an evidentiary hearing.

## I. BACKGROUND

Gonzalez-Faguaga stabbed Ricardo Ibarra in the chest. The State charged him with first degree assault, use of a deadly weapon in the commission of a felony, and two counts of terroristic threats. Under a plea agreement reached with the State, Gonzalez-Faguaga withdrew his initial not guilty plea and entered a plea of no contest to the first degree assault charge.

At the arraignment in which Gonzalez-Faguaga pled no contest, the court inquired about the terms of the plea agreement. The prosecutor stated that in return for Gonzalez-Faguaga's plea of no contest to the charge of first degree assault, the State would drop the remaining charges. The prosecutor also told the court that if Gonzalez-Faguaga was under a hold by the Immigration and Naturalization Service (INS) at the time of the sentencing, the State would recommend time served; but that if he was not under an INS hold, it would stand silent.

Gonzalez-Faguaga's counsel responded that he was under the impression that the State, regardless of whether there was an INS hold, would recommend time served. The prosecutor then clarified that the State would recommend time served only if there was an INS hold at the time of the sentencing hearing. Gonzalez-Faguaga and his counsel then had an off-the-record discussion,

after which his counsel told the court that Gonzalez-Faguaga was willing to proceed on the terms set out by the prosecutor.

After Gonzalez-Faguaga's conversation with his counsel, the court, through an interpreter, told him

> Mr. Gonzalez-Faguaga, as I understand the plea agreement that you entered into with the State is that the State agreed to dismiss [the other counts]. The State further agreed at the time of your sentencing if you were convicted of Count I that if you are facing deportation by the Immigration and Naturalization Service at the time of your sentence, the State will . . . make a recommendation to the Court you serve a sentence of the time you've spent in jail on this charge until its completion. If you are not facing deportation by the Immigration and Naturalization Service on the date of your sentencing, the State will stand silent at your sentencing and make no recommendation to the Court.
>
> Is that your entire understanding of the plea agreement that you entered into with the State?

Through the interpreter, Gonzalez-Faguaga responded in the affirmative. The trial court then found Gonzalez-Faguaga guilty of first degree assault and sentenced him to serve 10 to 15 years in prison.

Gonzalez-Faguaga filed a direct appeal, during which he was represented by the counsel he had had when he entered his no contest plea. His sole assignment of error in his direct appeal was the excessiveness of the sentence.

After the Nebraska Court of Appeals affirmed his conviction, see *State v. Gonzalez-Faguaga*, 10 Neb. App. xxv (No. A-00-1306, June 29, 2001), Gonzalez-Faguaga moved to vacate and set aside his conviction. He also requested court-appointed counsel and an interpreter. The district court denied his motions for counsel and an interpreter and determined, without an evidentiary hearing, that he was not entitled to postconviction relief.

## II. ASSIGNMENTS OF ERROR

Gonzalez-Faguaga assigns, reordered and restated, that the district court erred in refusing to grant an evidentiary hearing on his claims that his trial counsel was ineffective by (1) not informing the trial court that the prosecution had breached the plea

agreement, (2) allowing him to enter a no contest plea when his trial counsel did not know the terms of the plea agreement, (3) advising him to plead no contest when the factual basis to support the conviction was inadequate, (4) advising him to plead no contest when there was a question whether he understood the constitutional right he was waiving as interpreted, (5) advising him to plead no contest when there was a possible self-defense claim, and (6) reciting an incorrect factual narrative at the sentencing hearing.

Gonzalez-Faguaga also assigns that the district court erred in not appointing counsel to represent him on his motion for postconviction relief and in not allowing him to amend his motion.

### III. STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Al-Zubaidy*, 263 Neb. 595, 641 N.W.2d 362 (2002).

An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. When such an allegation is made, an evidentiary hearing may be denied only when the records and files affirmatively show that the defendant is entitled to no relief. *State v. Nesbitt*, 264 Neb. 612, 650 N.W.2d 766 (2002).

### IV. ANALYSIS

#### 1. Ineffective Assistance of Counsel

Gonzalez-Faguaga argues that the court should have held an evidentiary hearing on his claim and that his counsel failed to inform the trial court that the State had breached the terms of the plea agreement. Because we conclude that this claim has merit, we reverse in part, and remand with directions for an evidentiary hearing.

A plea of no contest is equivalent to a plea of guilty. *State v. Buckman*, 259 Neb. 924, 613 N.W.2d 463 (2000). Normally, a voluntary guilty plea waives all defenses to a criminal charge. But, in a postconviction action brought by a defendant convicted

because of a guilty plea, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *State v. Bishop*, 263 Neb. 266, 639 N.W.2d 409 (2002); *State v. Buckman, supra.* We also note that because Gonzalez-Faguaga was represented by his trial counsel on direct appeal, he is not procedurally barred from asserting an ineffective assistance of counsel claim in his motion for postconviction relief. See *State v. Buckman, supra.*

■ To sustain a claim of ineffective assistance of counsel as a violation of the Sixth Amendment to the U.S. Constitution or article I, § 11, of the Nebraska Constitution, a defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defendant. *State v. Zarate*, 264 Neb. 690, 651 N.W.2d 215 (2002).

(a) Deficient Performance

■ To demonstrate that his or her counsel's performance was deficient, a defendant must show that counsel did not perform at least as well as a criminal lawyer with ordinary training and skill in the area. *State v. Al-Zubaidy*, 263 Neb. 595, 641 N.W.2d 362 (2002). In determining whether trial counsel's performance was deficient, there is a strong presumption that counsel acted reasonably. *Id.* We afford trial counsel due deference to formulate trial strategy and tactics. *Id.*

■ The U.S. Supreme Court has recognized that " 'plea bargaining' is an essential component of the administration of justice." *Santobello v. New York*, 404 U.S. 257, 260, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971). The benefits to be derived from plea bargaining, however, "presuppose fairness in securing agreement between an accused and a prosecutor." 404 U.S. at 261. Thus, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 262. Accord *State v. Birge*, 263 Neb. 77, 638 N.W.2d 529 (2002).

■ If the State commits a material breach of a negotiated plea agreement, it would be a rare circumstance when a lawyer with ordinary training and skill in the area of criminal law would not inform the court of the breach. See, *State v. Carrillo*, 597 N.W.2d

497 (Iowa 1999); *State v. Smith*, 207 Wis. 2d 258, 558 N.W.2d 379 (1997). While we afford counsel due deference to formulate trial strategy and tactics, it is difficult to imagine what possible advantage a defendant could gain by his or her counsel's remaining silent in such a situation. Only by pointing out the breach can counsel protect the benefits the defendant bargained to receive in exchange for his or her plea. See *State v. Birge, supra.*

Here, Gonzalez-Faguaga has alleged that as part of the plea agreement he entered into, the State agreed to recommend time served if he were under an INS hold at the time of the sentencing; that at the time of the sentencing, Gonzalez-Faguaga had "an INS hold lodged against him"; and that instead of recommending time served, the State stood silent. Gonzalez-Faguaga has also alleged that counsel failed to object when the State stood silent at the sentencing hearing. The record does not affirmatively contradict these allegations and, if proved, they would show that the State breached the terms of the plea agreement and that his trial counsel performed deficiently in not objecting to the breach.

### (b) Prejudice

To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, it is not enough for the defendant to show that counsel's performance was deficient. See *State v. George*, 264 Neb. 26, 645 N.W.2d 777 (2002). The defendant must also allege and prove that counsel's deficient performance prejudiced the defense in his or her case. See *id.*

The prejudice component of the test stated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), focuses on the question whether counsel's deficient performance renders the result of the trial or the proceeding fundamentally unfair. *State v. Al-Zubaidy*, 263 Neb. 595, 641 N.W.2d 362 (2002). To prove prejudice for an ineffective assistance of counsel claim, the defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington, supra*; *State v. Faust*, 265 Neb. 845, 660 N.W.2d 844 (2003).

In rejecting Gonzalez-Faguaga's claim that his trial counsel was ineffective for failing to object to the State's breach of the plea agreement, the court apparently concluded that the failure to object did not prejudice Gonzalez-Faguaga. In his order denying postconviction relief, the judge—who was the same judge who sentenced Gonzalez-Faguaga—stated:

> The record reflects that the Defendant was informed by the Court that whatever recommendations were made regarding sentence the Court was not bound to follow any sentence recommendations given by the State and/or the Defendant and that the Court reserved the right to sentence Defendant as provided by Nebraska statute.

Apparently, the court meant that the failure to point out the breach was not prejudicial, because even if the State had recommended time served, the judge would have given Gonzalez-Faguaga the same sentence. We disagree.

It is true that a judge is not bound to give a defendant the sentence recommended by a prosecutor under a plea agreement. See *State v. Griger*, 190 Neb. 405, 208 N.W.2d 672 (1973). That does not mean, however, that to show prejudice, Gonzalez-Faguaga had to allege that but for his counsel's failure to object, the judge would have imposed a different sentence. See *State v. Carrillo*, 597 N.W.2d 497 (Iowa 1999). Instead, the focus is on whether counsel's deficient performance sacrificed Gonzalez-Faguaga's ability to protect the bargain he had struck with the State, thereby rendering the result of the proceedings "fundamentally unfair."

When the State breaches a plea agreement, the defendant generally has the option of either having the agreement specifically enforced or withdrawing his or her plea. *State v. Birge*, 263 Neb. 77, 638 N.W.2d 529 (2002). This is true even if the sentencing judge has stated on the record that he or she would have given the defendant the same sentence had the prosecutor complied with the plea agreement. See, *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971) (finding error and remanding even though sentencing court had stated that it would have given same sentence had prosecutor fulfilled plea bargain); *State v. Birge, supra* (noting that once State has violated

plea agreement, violation cannot be cured by trial court's statement that it will not be influenced by prosecutor's actions).

 However, to protect his or her rights after the State has breached a plea agreement, the defendant must move to withdraw the plea, or the defendant loses the ability to withdraw the plea. See *State v. Birge, supra.* If the defendant objects to the breach, but fails to move to withdraw the plea, he or she is limited to seeking specific performance. See *id.* Moreover, if the defendant remains silent upon the breach, he or she can neither move to withdraw the plea nor seek specific performance of the agreement. See *id.*

Thus, the failure of Gonzalez-Faguaga's counsel to object to the breach of the plea agreement, if proved, rendered the proceedings fundamentally unfair. The failure to object prevented Gonzalez-Faguaga from protecting the benefit he had bargained for in exchange for his plea. A proper objection and motion to withdraw by his counsel would have led to a "different outcome" in the sense that Gonzalez-Faguaga would have been allowed to withdraw his plea. Alternatively, he would have been entitled to resentencing in proceedings not tainted by the State's breach of the plea agreement. See *State v. Carrillo, supra.* See, also, *State v. Smith,* 207 Wis. 2d 258, 558 N.W.2d 379 (1997) (holding that failure of trial counsel to object to breach of plea agreement is presumptively prejudicial).

## (c) Resolution

We determine that Gonzalez-Faguaga has pled facts showing that (1) the State committed a material breach of the plea agreement; (2) his counsel failed to bring the breach to the court's attention; and (3) as a result, he lost the ability to either withdraw his plea or seek specific performance of the plea agreement. If proved, these allegations would show that his trial counsel was ineffective in not objecting to the plea agreement. Because the record fails to affirmatively show that he is not entitled to relief on this claim of ineffective assistance of counsel, the court's decision denying Gonzalez-Faguaga an evidentiary hearing was clearly erroneous.

## 2. Failure to Appoint Counsel

 Gonzalez-Faguaga also assigns as error the failure of the district court to assign counsel for him. Under the Nebraska Postconviction Act, it is within the discretion of the court whether counsel shall be appointed to represent the defendant. *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998). When the assigned errors in the postconviction petition before the district court contain no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant. *Id.* When, however, the defendant's petition presents a justiciable issue to the district court for postconviction determination, an indigent defendant is entitled to counsel. *Id.*

As previously discussed, Gonzalez-Faguaga's motion for postconviction relief presents a justiciable issue. Accordingly, the court abused its discretion in denying his request for appointment of counsel.

## V. CONCLUSION

We reverse in part, and remand with directions to appoint counsel and to hold an evidentiary hearing on Gonzalez-Faguaga's claim that his trial counsel was ineffective in failing to bring to the court's attention the State's breach of the plea agreement. We have reviewed Gonzalez-Faguaga's other assignments of error and determine that they are without merit. Further, to the extent Gonzalez-Faguaga, acting pro se, argues that the trial court and postconviction court committed plain error, we determine that the record shows no plain error. Therefore, because the other assignments of error are without merit and there was no plain error, we affirm the remainder of the district court's decision.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.