IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DOWLING

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SEVE J. DOWLING, APPELLANT.

Filed May 26, 2015.    No. A-14-882.

Appeal from the District Court for Polk County: RACHEL A. DAUGHERTY, Judge. Affirmed.

Jim K. McGough, of McGough Law, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

MOORE, Chief Judge, and IRWIN and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Seve J. Dowling appeals from his plea-based conviction in the Polk County District Court of child abuse. He asserts that he received ineffective assistance of trial counsel. We find no merit to his argument and therefore affirm his sentence and conviction.

## BACKGROUND

Dowling was initially charged with first degree sexual assault and child abuse. The initial Information contained 2 counts which read in part as follows:

## COUNT 1

Between October 1, 2008 and September 22, 2010, did subject D.A.-P. (DOB:12/18/2003) to sexual penetration (a) without the consent of the victim, or (b) when he knew or should

- 1 -

have known that the victim was mentally or physically incapable of resisting or appraising the nature of his or her conduct,

## COUNT II

(a)   Between October 1, 2008 and September 22, 2010, did knowingly or intentionally cause or permit D.A.-P. (DOB 12/18/2003), a minor child, to be: Placed in a situation that endangers her physical or mental health; or,

(d)   Placed in a situation to be sexually exploited by allowing, encouraging, or forcing such minor child to engage in debauchery; or,

(e)   Placed in a situation to be sexually abused as defined in section 29-319, 28-319.01, or 28-320.01, . . .

Dowling subsequently entered into a written plea agreement with the State, which provided:

Mr. Dowling will plead guilty or no contest to one count of Child Abuse under Neb. [Rev. Stat.] § 28-707(1)(a), a class IIIA Felony. Mr. Dowling will obtain a sex-specific evaluation by a therapist approved by the State. The State will request that Mr. Dowling be ordered to follow all recommendations from said evaluation as part of his sentence. The State will not allege subsections (1)(d) or (1)(e) of Neb. [Rev. Stat.] § 28-707. Additionally, the State will dismiss Count 1 of the Information. It is the understanding of the parties that [Dowling] will **not** be subject to sex offender registration.

(Emphasis in original.)

Pursuant to the plea agreement, the State filed an amended information which alleged a single count and stated: "Between October 1, 2008 and September 22, 2010, did knowingly or intentionally cause or permit D.A.-P. (DOB 12/18/2003), a minor child, to be placed in a situation that endangers her life or physical or mental health." Dowling pled no contest to the charge.

At the plea hearing, the court asked the State for the factual basis for the charge, and the State provided the following:

. . . between the dates of October 1st, 2008, and September 22nd, 2010, a minor child whose initials are D.A.P., whose date of birth is December 18th, 2003, was living at the Mid-Town Apartments which are located in Osceola, Nebraska, Polk County, Nebraska. . . . According to D.A.P., while Mr. Dowling was babysitting her, during that time period, Mr. Dowling told the child that he was going to teach her how to kiss, and then he proceeded to kiss D.A.P. on the mouth. According to D.A.P., Mr. Dowling then removed his pants and attempted to place his penis inside D.A.P.'s vagina. . . .

The court then asked Dowling's trial counsel whether the above was the factual basis that he and Dowling had chosen not to contest, and trial counsel said that it was. The court accepted Dowling's plea.

At sentencing, the State repeated some of the allegations involving sexual acts, including that Dowling taught the victim, who was 5 or 6 years old at the time, how to kiss and then he attempted to put his penis in her vagina. Dowling's trial counsel did not object to the State's comments.

Dowling was sentenced to not less than 48 months and not more than 60 months incarceration with credit for 7 days served. He timely appeals to this court.

ASSIGNMENT OF ERROR

Dowling assigns that trial counsel was ineffective in failing to object when the State violated the plea agreement.

STANDARD OF REVIEW

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *State v. Sidzyik*, 281 Neb. 305, 795 N.W.2d 281 (2011). The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*.

ANALYSIS

Dowling asserts that trial counsel was ineffective for failing to object when the State violated the plea agreement. He claims the plea agreement was violated when the State raised allegations of sexual acts at the plea hearing and again at sentencing and when the State failed to request that he be ordered to follow all recommendations made by the therapist. We find no merit to these arguments.

In order to establish a right to relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense in his or her case. *State v. Sidzyik,* 281 Neb. 305, 795 N.W.2d 281 (2011). The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *Id*.

Dowling has different counsel on appeal, and in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review. *Id*.

*Agreement Not to Allege.*

Dowling was charged with child abuse in violation of Neb. Rev. Stat. § 28-707 (Supp. 2013). In pertinent part, this statute provides:

(1) A person commits child abuse if he or she knowingly, intentionally, or negligently causes or permits a minor child to be:

(a) Placed in a situation that endangers his or her life or physical or mental health;

. . .

(d) Placed in a situation to be sexually exploited by allowing, encouraging, or forcing such minor child to solicit for or engage in prostitution, debauchery, public indecency, or obscene or pornographic photography, films or depictions;

(e) Placed in a situation to be sexually abused as defined in section 28-319, 28-319.01, or 28-320.01. . . .

Under the plea agreement, the State agreed to charge Dowling under subsection (1)(a) and not to "allege" subsections (1)(d) or (1)(e). The issue is what the parties meant by the term "allege."

Dowling claims that pursuant to the plea agreement, the State was not allowed to make any statements concerning any of the sexual allegations involved in the offense, and thus, when the State informed the court that Dowling had kissed the child and attempted to penetrate her vagina with his penis, it violated the agreement. The State, however, asserts that that parties intended to limit only the allegations contained in the information filed against Dowling.

We read the term "allege" to mean that the State agreed not to charge Dowling under subsections (1)(d) or (1)(e) in the amended information for the following reasons. At the time the plea agreement was entered into, the information contained 2 counts; one for sexual assault and the other for child abuse under § 28-707. In the second count, the State alleged violations of subsections (1)(a), (d), and (e). Pursuant to the plea agreement, the State amended the information, deleting count 1 and subsections (1)(d) and (e) of count 2. Therefore, it appears the agreement was to delete from the complaint count 1 and subsections (1)(d) and (e) of count, which was done. Furthermore, in order for the district court to accept Dowling's plea of no contest of child abuse, the State was required to provide a factual basis for the charge. The only factual basis underlying the charge in this case necessarily included the specific sexual acts asserted against him. Without stating this factual basis, the State would have been unable to obtain a conviction for child abuse, a violation to which Dowling agreed to plead no contest.

Because the State did not agree to forego recitation of the factual basis for a conviction of child abuse, we conclude that trial counsel could not have been ineffective for failing to object because no objection was required. See *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010) (defense counsel is not ineffective for failing to raise an argument that has no merit).

*Agreement to Request Compliance With Evaluation.*

Dowling also contends that trial counsel was ineffective for failing to object when the State breached the plea agreement by failing to request that he be ordered to follow the recommendations set forth in the evaluation. We disagree.

Dowling underwent a psychological evaluation, and a report from the therapist who completed the evaluation was included in the presentence investigation report. The therapist opined that Dowling would "definitely benefit" from general therapy focusing on some of his beliefs about women, helping him further develop relationships with people whose lives are not organized around substance use, and addressing his drug and alcohol issues while helping him develop a lifestyle free from substance abuse.

Although the State did not specifically request that Dowling be ordered to follow the recommendations from the evaluation, the State did observe that if Dowling were sentenced "to prison for a couple of years" that therapy would be available for him and that "that would be an appropriate sentence." The State also mentioned the alternative sentence of incarceration followed by a probationary term, "and the treatment as recommended by the various reports, the psychological evaluation." Finally, in closing, the State indicated that it felt that Dowling "should be incarcerated for some period of time because of the seriousness of these acts and that he would benefit from therapy." A sentencing recommendation need not be enthusiastic in order to fulfill a promise made in a plea agreement. *State v. Landera*, 285 Neb. 243, 257, 826 N.W.2d 570, 579 (2013). We therefore find no breach of the agreement.

Even if the State's failure to phrase the request more specifically constitutes a violation of the plea agreement, Dowling cannot establish that he was prejudiced by trial counsel's failure to object. A judge is not bound to give a defendant the sentence recommended by a prosecutor under a plea agreement. *State v. Gonzalez-Faguaga*, 266 Neb. 72, 662 N.W.2d 581 (2003). Further, in addressing the prejudice prong of an ineffective assistance of counsel claim such as this, the focus is not on whether the judge would have imposed a difference sentence, but rather, the focus is on whether counsel's alleged deficient performance prevented the defendant from protecting the bargain he had struck with the State in exchange for his plea and thus rendered the proceedings fundamentally unfair. See *State v. Sidzyik*, 281 Neb. 305, 795 N.W.2d 281 (2011). The question is whether a proper objection by counsel would have led to a different outcome at the trial level in the sense that the defendant would have had the opportunity at trial to either withdraw his plea or seek resentencing in a proceeding not tainted by the State's recommendation. See *id*. See also, *State v. Gonzalez-Faguaga, supra*.

In *Sidzyik* and *Gonzalez-Faguaga*, the State agreed to stand silent at sentencing but, instead, took a position as to an appropriate sentence. Thus, the issue was whether the defendants should have been allowed to withdraw their pleas or were entitled to resentencing in proceedings not tainted by the State's breaches of the respective plea agreements. In the present case, however, if the State's comments can be construed as a violation of the plea agreement, we fail to see how the State's "silence" tainted the proceedings to the extent that they were rendered fundamentally unfair. The court was not required to impose a condition recommended by the State and if the court had done so, Dowling would have been ordered to do more than he is required to do under his current sentence. Accordingly, we find no merit to this assignment of error.

## CONCLUSION

We conclude that Dowling did not receive ineffective assistance of trial counsel and therefore affirm his conviction and sentence.

AFFIRMED.