State of Nebraska, appellee, v.
Donald L. Sidzyik, appellant.
___ N.W.2d ___

Filed December 11, 2015.    No. S-14-1130.

1. **Postconviction: Effectiveness of Counsel: Appeal and Error.** A claim of ineffective assistance of counsel in a postconviction proceeding usually presents a mixed question of law and fact.
2. **Effectiveness of Counsel: Appeal and Error.** For "mixed question" ineffective assistance claims, an appellate court reviews the lower court's factual findings for clear error but independently determines whether those facts show counsel's performance was deficient and prejudiced the defendant.
3. **Plea Bargains: Sentences.** If the State breaches its promise to remain silent at a sentencing hearing, the defendant has two options: (1) withdraw the plea or (2) demand specific performance of the plea agreement by way of sentencing before a different judge.
4. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.
5. ____: ____. To demonstrate deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.
6. **Effectiveness of Counsel.** A court judges the challenged conduct of counsel on the facts of the particular case, viewed at the time of counsel's conduct.
7. ____. A court will not second-guess reasonable strategic decisions made by counsel.
8. **Effectiveness of Counsel: Proof.** To demonstrate prejudice, a defendant must show a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

 9. **Words and Phrases.** A reasonable probability is one sufficient to undermine confidence in the outcome.
10. **Plea Bargains: Sentences: Effectiveness of Counsel.** To show prejudice from counsel's failure to object to the State's breach of a promise to remain silent at a sentencing hearing, the defendant must show that counsel's failure to object prevented the defendant from protecting the bargain the defendant struck with the State, thereby making the proceedings fundamentally unfair.

Appeal from the District Court for Douglas County: Duane C. Dougherty, Judge. Reversed and remanded with directions.

Jason E. Troia, of Dornan, Lustgarten & Troia, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

Heavican, C.J., Wright, Connolly, McCormack, Miller-Lerman, Cassel, and Stacy, JJ.

Connolly, J.

## SUMMARY

Donald L. Sidzyik pleaded no contest to second degree sexual assault under a plea agreement. On direct appeal, he argued that his trial counsel was ineffective for failing to object to statements made by the prosecutor at the sentencing hearing. We concluded that the State had materially breached the plea agreement, but we could not resolve Sidzyik's ineffectiveness claim on direct appeal because the record did not show if his trial counsel had a strategic reason for remaining silent.[1] Sidzyik later moved for postconviction relief. The postconviction court overruled the motion after an evidentiary hearing because it did not think that the State's breach of the plea agreement was significant. Sidzyik appeals. We conclude that Sidzyik received ineffective assistance of counsel when his trial counsel failed to object to the State's material

---

[1] See *State v. Sidzyik*, 281 Neb. 305, 795 N.W.2d 281 (2011).

breach of the plea agreement. We reverse, and remand with directions.

## BACKGROUND

The State charged Sidzyik with first degree sexual assault, a Class II felony. Under a plea agreement, the State amended the charge to second degree sexual assault, a Class III felony. The prosecutor agreed to "stand silent" as part of the agreement. Sidzyik pleaded no contest to the amended charge.

At the sentencing hearing, a different prosecutor endorsed the recommendation in the presentence investigation report. The report "in no uncertain terms recommended that Sidzyik receive a substantial period of incarceration."[2] Sidzyik's trial counsel did not object to the prosecutor's comments. The court sentenced him to 18 to 20 years' imprisonment.

Represented by new counsel, Sidzyik appealed. He assigned that his trial counsel was ineffective for failing to object to the State's breach of the plea agreement. We concluded that the State had materially breached the plea agreement by not remaining silent at the sentencing hearing.[3] Even though Sidzyik's trial counsel had not objected, we held out "the possibility, albeit rare," that counsel said nothing in order to gain a tactical advantage.[4] The record did not show if Sidzyik's trial counsel had a strategic reason for not objecting. So, we could not resolve the ineffectiveness claim on direct appeal.

In 2011, Sidzyik moved for postconviction relief. He alleged that his trial counsel was ineffective for failing to object to the State's breach of the plea agreement. Sidzyik asked the court to allow him to withdraw his plea or have a court sentence him in a proceeding not tainted by the State's breach.

The postconviction court held an evidentiary hearing and received the deposition of Sidzyik's trial counsel. Counsel testified that he did not object because (1) he did not think

---

[2] *Id.* at 313, 795 N.W.2d at 288.

[3] *Id.*

[4] *Id.* at 314, 795 N.W.2d at 288.

the State had breached the plea agreement and (2) he thought Sidzyik's only option was to withdraw his plea:

> I didn't object for a couple of reasons. One, all [the prosecutor] said was they would rely on the presentence investigation, and I didn't feel that was a breach of the — of our plea agreement. The second one was probably — well, not probably. Was a strategy decision that had I objected and moved to withdraw the plea, then we would have been stuck then going to bat and going to trial on a Class II felony as opposed to the negotiated plea agreement that I was able to achieve for Mr. Sidzyik which was an admission to a Class III felony which potentially saved him a much more lengthy sentence.

Counsel stated that he did not know Sidzyik could also demand specific performance of the agreement. He testified that it was "very common" for the prosecutor to submit on the presentence investigation report.

The court also received a joint stipulation. The parties agreed that Sidzyik had relied on the State's promise to stand silent and that Sidzyik's trial counsel had not discussed his options after the State breached the agreement. They further stipulated that "[h]ad Sidzyik known of his option of choosing to withdraw his plea or ask for specific performance of a sentencing with a different judge, Sidzyik would have requested specific performance with a different judge."

The court overruled Sidzyik's motion for postconviction relief. It emphasized that Sidzyik's trial counsel did not think the State had breached the plea agreement and that Sidzyik himself had not told his counsel the State had breached the agreement. The court concluded that the prosecutor's comments had not made the proceeding "'fundamentally unfair'" and that an objection would have had "no merit."

Sidzyik appeals.

## ASSIGNMENT OF ERROR

Sidzyik assigns that the court erred by overruling his motion for postconviction relief.

## STANDARD OF REVIEW

[1,2] A claim of ineffective assistance of counsel in a postconviction proceeding usually presents a mixed question of law and fact.[5] For "mixed question" ineffective assistance claims, we review the lower court's factual findings for clear error but independently determine whether those facts show counsel's performance was deficient and prejudiced the defendant.[6]

## ANALYSIS

[3] Because the postconviction court's comment that a timely objection by Sidzyik's trial counsel would have had "no merit," we start by restating the underlying rules. The State's failure to remain silent in violation of a plea agreement is a material breach of the agreement.[7] If the State breaches the agreement, the defendant has two options: (1) withdraw the plea or (2) demand specific performance of the plea agreement by way of sentencing before a different judge.[8] Relief is mandatory on a timely objection.[9]

[4] The question here is not if the State materially breached its plea agreement with Sidzyik. It did. Nor is the question whether Sidzyik could have withdrawn his plea or obtained specific performance on a timely objection. He could have. We answered these questions on Sidzyik's direct appeal. The issue now is whether his trial counsel was ineffective for failing to object to the State's breach. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*,[10] the defendant must show that his or her counsel's performance

---

[5] See *State v. Dubray*, 289 Neb. 208, 854 N.W.2d 584 (2014).

[6] *Id.*

[7] *State v. Sidzyik, supra* note 1.

[8] *Id.*

[9] See *State v. Birge*, 263 Neb. 77, 638 N.W.2d 529 (2002).

[10] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

was deficient and that this deficient performance actually prejudiced the defendant's defense.[11] We will address the two prongs of this test, deficient performance and prejudice, in that order.

### Deficient Performance

[5-7] To demonstrate deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.[12] A court judges the challenged conduct of counsel on the facts of the particular case, viewed at the time of counsel's conduct.[13] The function of counsel is to make the adversarial testing process work in the defendant's case, but we will not second-guess reasonable strategic decisions.[14]

We have said that it would be a rare circumstance if a lawyer with ordinary training and skill in criminal law would not inform the court of the State's material breach of a plea agreement.[15] We afford counsel due deference to form trial strategy and tactics, but it is hard to imagine what possible advantage a defendant could gain from silence.[16] Only by pointing out the breach can counsel protect the benefits the defendant bargained for in exchange for his or her plea.[17]

We conclude that this is not one of those rare cases in which not objecting to the State's material breach was a sound strategic choice. The State argues that trial counsel's silence was a reasonable trial strategy, because counsel thought that (1) the State had not breached the plea agreement and (2) Sidzyik's only option upon a breach would be to withdraw his plea.

---

[11] *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015).

[12] *State v. Armstrong*, 290 Neb. 991, 863 N.W.2d 449 (2015).

[13] See *id.*

[14] *Id.*

[15] *State v. Gonzalez-Faguaga*, 266 Neb. 72, 662 N.W.2d 581 (2003).

[16] *Id.*

[17] *Id.*

Counsel was mistaken on both counts. We realize that even seasoned criminal attorneys, like Sidzyik's trial counsel, are not walking repositories of the entire body of the criminal law. But trial strategy based on a misunderstanding of the law is not reasonable. So, the performance of Sidzyik's trial counsel was deficient.

## Prejudice

[8,9] To demonstrate prejudice, a defendant must show a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[18] A reasonable probability is one sufficient to undermine confidence in the outcome.[19] In addressing the prejudice requirement in *Strickland*, we ask whether counsel's deficient performance made the result of the trial unreliable or the proceeding fundamentally unfair.[20]

[10] The State argues that Sidzyik was not prejudiced, because "the main focus of the plea negotiation was on the reduction of the charge" and the State's promise to stand silent was not an "integral part of the plea agreement."[21] To the extent the State argues that the breach was not material, we note again that we held on Sidzyik's direct appeal that it was. Furthermore, Sidzyik does not have to show that he would have received a lesser punishment to show prejudice.[22] Instead, the focus is whether counsel's silence sacrificed Sidzyik's ability to protect the bargain he struck with the State, thereby making the proceedings fundamentally unfair.[23]

We conclude that trial counsel's failure to object to the State's breach of the plea agreement prejudiced Sidzyik. Had

---

[18] See *State v. Rocha*, 286 Neb. 256, 836 N.W.2d 774 (2013).

[19] See *id.*

[20] *Id.*

[21] Brief for appellee at 9.

[22] See *State v. Gonzalez-Faguaga, supra* note 15.

[23] *Id.*

trial counsel timely objected, the outcome would have been different, because Sidzyik would have had the option to withdraw his plea or seek resentencing before a different judge.[24] The loss of this choice made the proceeding fundamentally unfair.[25]

## CONCLUSION

Sidzyik received ineffective assistance of counsel because his attorney failed to object to the State's material breach of the plea agreement. Had his counsel objected, Sidzyik would have had the choice to withdraw his plea or demand that the court sentence him in a proceeding not tainted by the breach. We reverse, and remand with directions to give Sidzyik the choice to either (1) withdraw his no contest plea or (2) be resentenced for his second degree sexual assault conviction by a judge other than the judge who imposed the original sentence and the judge who overruled his motion for postconviction relief.

Reversed and remanded with directions.

[24] See *State v. Sidzyik, supra* note 1.
[25] See *State v. Gonzalez-Faguaga, supra* note 15.

Cassel, J., concurring.

This court has never considered, and this case does not present, a situation where a trial court, upon the occurrence of a prosecutor's breach of a plea-bargained promise to remain silent at sentencing, promptly and decisively strikes the prosecutor's offending comments from the record, admonishes the prosecutor, expressly states that the comments will be entirely disregarded, and affirmatively offers the defendant with a choice of (1) withdrawing his or her plea, (2) requesting sentencing before a different judge, or (3) going forward with sentencing before the current judge.

Stacy, J., joins in this concurrence.