IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SEELEY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MARTIN SEELEY, APPELLANT.

Filed February 14, 2023.    No. A-22-572.

Appeal from the District Court for Box Butte County: TRAVIS P. O'GORMAN, Judge.
Affirmed.

Jerrod Jaeger, of Jaeger Law Office, P.C., L.L.O, for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Martin Seeley appeals his plea-based conviction of possession of fentanyl with the intent to distribute. He assigns error relating to his plea and the sentence imposed. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

In August 2021, Seeley was charged in Box Butte County District Court with possession of fentanyl with the intent to distribute while knowingly or intentionally possessing a firearm during the commission of the offense, a Class ID felony; possession of a firearm during the commission of a felony, a Class II felony; possession of methamphetamine, a Class IV felony;

possession of money used or intended to be used to facilitate a violation of § 28-416, a Class IV felony; and possession of drug paraphernalia, an infraction.

On April 26, 2022, the State filed an amended information charging Seeley with possession of fentanyl with the intent to distribute, a Class II felony. A plea hearing was held on May 11. During the plea hearing, defense counsel, in outlining the plea agreement, stated that Seeley would "plead no contest – to a Class II felony of attempted possession with intent [to distribute] of a controlled substance." Both the prosecutor and Seeley agreed with defense counsel's statement. However, the amended information filed by the State did not charge Seeley with attempted possession of a controlled substance with the intent to distribute; the amended information charged Seeley with the Class II felony of possession of fentanyl with the intent to distribute.

During the plea hearing, the following colloquy occurred between the district court and Seeley:

> THE COURT: . . . You are charged with one count, possession of a controlled substance with intent to distribute, fentanyl. That is a Class II felony. The possible penalty for that is a minimum one-year imprisonment and a maximum of 50 years. Do you understand the charge and the possible penalty?
>
> THE DEFENDANT: I do.

After advising Seeley of the charges, the penalties, and his rights, the court asked Seeley "How do you plead to possession of a controlled substance with intent to distribute, fentanyl, a Class II felony?" to which Seeley responded, "No contest." As part of the plea agreement, the State agreed to stand silent at sentencing.

The State provided a factual basis which set forth that, on July 2, 2021, an officer contacted Seeley at a hotel. During the investigation, the officer discovered 74 fentanyl pills, cash, and other paraphernalia indicative of distribution of fentanyl.

At the sentencing hearing, the court stated that it had listened to defense counsel's remarks and considered the presentence investigation report. The court stated:

> In arriving at your sentence, I've considered your age, your mentality, your education, your experience, your social and cultural background, as well as your past criminal record.
>
> I don't see a record in Nebraska. You do have a few thefts and assaults in other jurisdictions.
>
> [As defense counsel] alluded to, this is a serious offense. You know, you were in a motel room in Alliance with 72 fentanyl pills, 2 grams of meth, as well as multiple firearms, and a large amount of cash. The PSI indicates that you're a high risk to reoffend.
>
> . . . I understand you're an addict. . . . [B]ut that's not what you're being punished for today. If that's all you were being punished for . . . I would do everything I can to get you as much help as I can. But you've taken it a step further by dealing.
>
> You know, we've got a real problem here right now, especially with fentanyl. I'm seeing cases where I have defendants come to court; the next thing I know they're overdosed and I don't see them again. I mean, it's getting that bad.

And I think anything less than a period of incarceration would depreciate the seriousness of the offense and promote a disrespect for the law. . . . [Y]our conduct puts the entire community in grave danger.

The district court sentenced Seeley to 8 to 10 years' imprisonment with credit for 363 days previously served. Seeley has timely appealed to this court and is represented by different counsel than represented him during his plea and sentencing.

## ASSIGNMENTS OF ERROR

Seeley's assignments of error, restated, are that the district court erred in allowing the State to file an amended information charging him with possession of fentanyl with the intent to distribute, which he contends was not contemplated by the plea agreement, and committed plain error in accepting his plea "to a charge not contained in the charging document." He also contends that trial counsel was ineffective in failing "to correct errors in the proceedings" and failing "to object to the acceptance of [Seeley's] plea" to the offense of possession of fentanyl with the intent to distribute which he contends was "a charge not contemplated by the plea agreement." His final assigned error is that the sentence imposed was excessive.

## STANDARD OF REVIEW

When the facts are undisputed, the question of whether there has been a breach of a plea agreement is a question of law. *State v. Smith,* 295 Neb. 957, 892 N.W.2d 52 (2017). When issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. *State v. Landera*, 285 Neb. 243, 826 N.W.2d 570 (2013).

Consideration of plain error occurs at the discretion of an appellate court. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022). Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id*.

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved on direct appeal; the determining factor is whether the record is sufficient to adequately review the question. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). The record is sufficient to resolve on direct appeal a claim of ineffective assistance of counsel if the record affirmatively proves or rebuts either deficiency or prejudice with respect to the defendant's claims. *Id*.

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021).

## ANALYSIS

### ALLEGED ERROR REGARDING CHARGED OFFENSE

Seeley first contends that the district court erred in allowing the State to file an amended information charging him with possession of fentanyl with the intent to distribute which he

contends was not contemplated by, or in breach of, the plea agreement. He also contends that the district court committed plain error in accepting his plea "to a charge not contained in the charging document."

We first address Seeley's claim that the amended information filed by the State constituted a breach of the parties' plea agreement. He claims that defense counsel stated during the plea hearing that Seeley would plead to an amended charge of attempted possession of a controlled substance with the intent to deliver, a Class II felony. However, the amended information, which was filed weeks prior to the plea hearing, actually charged Seeley with possession of fentanyl with the intent to distribute, a Class II felony. Seeley now argues that he should be allowed to withdraw his plea.

However, the Nebraska Supreme Court has held that if the defendant remains silent upon the breach of a plea agreement, he or she can neither move to withdraw the plea nor seek specific performance of the agreement. See *State v. Gonzalez-Faguaga*, 266 Neb. 72, 662 N.W.2d 581 (2003). Thus, Seeley has waived his right to assert as error on appeal any purported breach of the plea agreement by the State. See *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020) (where no objection was made to sentencing judge for plea bargain violation, defendant has waived the error and it has not been preserved for appellate review).

Further, we reject Seeley's claim that the district court committed plain error in accepting his plea "to a charge not contained in the charging document." The amended information clearly charged Seeley with possession of fentanyl with the intent to distribute. And, during the plea hearing, the district court advised Seeley that he was charged with possession of fentanyl with the intent to distribute which Seeley indicated that he understood. The court further asked Seeley how he wanted to plead to the offense of possession fentanyl with the intent to distribute to which Seeley responded, "No contest." Because a written plea agreement is not part of the record, it is unclear whether the plea agreement differed from the charge in the amended information to which Seeley pled. In order to constitute plain error, the alleged error must be plainly evident from the record. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022). Because Seeley pled to the charge contained in the amended complaint and it is unclear whether defense counsel simply misspoke in reciting the terms of the plea, we find no plain error on this record.

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Seeley's next assignment of error that his trial counsel was ineffective in failing "to correct errors in the proceedings" and failing "to object to the acceptance of [Seeley's] plea" to the offense of possession of fentanyl with the intent to distribute which he contends was "a charge not contemplated by the plea agreement."

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. John*, 310 Neb. 958, 969 N.W.2d 894 (2022). To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *Id*. To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable

- 4 -

probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *Id.*

Here, the record affirmatively establishes that Seeley pled to the offense charged in the amended information after having confirmed to the district court that he understood that he was charged with, and was pleading no contest to, possession of fentanyl with the intent to distribute. Accordingly, Seeley cannot establish prejudice from counsel's alleged deficient performance and this assigned error fails.

EXCESSIVE SENTENCE

Seeley's final assignment of error is that the sentence imposed was excessive. Specifically, he contends that the district court failed to appropriately balance the relevant sentencing factors. He also claims that "because of the discrepancy in charges, the sentencing court treated [Seeley] as having committed the crime, instead of attempting to commit the crime, which prejudiced [Seeley] at sentencing." Brief for appellant at 15.

Having found, earlier in this opinion, that Seeley was properly charged with possession of possession of fentanyl with the intent to distribute and pled no contest to that charge, we reject Seeley's claim that he should have been sentenced for the lesser charge of attempted possession of fentanyl with the intent to distribute.

Seeley was convicted of a Class II felony. His sentence of 8 to 10 years' imprisonment is within the statutory sentencing range for Class II felonies which are punishable by a minimum of 1 year and a maximum of 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Further, Seeley received a substantial benefit from his plea agreement in which three felonies and an infraction were dismissed.

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021). The relevant factors for a sentencing judge to consider when imposing a sentence are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.*

According to the presentence investigation report, Seeley was 32 years old, single, had one dependent, and had earned his GED. Seeley's criminal history included convictions for disorderly conduct and third degree assault. The level of service/case management inventory assessed Seeley as a high risk to reoffend. Seeley's self-report to the probation officer indicated that, as a child, he experienced physical assaults, emotional abuse, and neglect. Seeley also reported that he had anxiety, depression, and mood swings. Seeley's mother reported, in a letter to the court, that Seeley had been diagnosed with AD/HD and bipolar disorder. Further, Seeley admitted to having a drug problem including past use of marijuana, alcohol, THC wax, mushrooms, ecstasy, molly, cocaine, LSD, K-2, heroin, and fentanyl and admitted that he currently uses methamphetamine on a daily basis. Seeley acknowledged that his substance abuse had caused him legal issues, issues with his relationships and family members, issues with work, and mental health concerns. Seeley also

acknowledged, in his written statement to the court, that he desired a second chance in order to turn his life around and be the father that his "little girl deserves."

Despite Seeley's acknowledgement of his mistakes, his mental health and addiction challenges, and his limited criminal history, we find that, based on factors including that the sentence imposed is at the low end of the statutory sentencing range, the benefit from the plea agreement, and Seeley's high risk to reoffend, the sentence imposed was not an abuse of discretion. This assignment of error fails.

## CONCLUSION

Having considered and rejected Seeley's assigned errors, we affirm his conviction and sentence.

AFFIRMED.